*HENRY R KORNEGAY, Administrator of Richard B Hatch and others, v. JOHN D. SPICER.

## Mortgage -- Power of Sale.

1. A mortgagee with a power of sale is a trustee, first, to secure the payment of the mortgage debt, and second, for the mortgagor as to the excess.

2. This power is to be watched with great jealousy, and when there is any unfairness, such as complicated accounts, &c., or any suggestion of oppression, such as usury, &c., the mortgagee will be enjoined from selling until the balance due is ascertained and all equities between the parties declared.

(*Whitehead* v. *Hellen* at this term, cited and approved.)

APPEAL, from a Decretal Order made on the 26th of February, 1876, at Chambers, by *McKoy, J.*

In January, 1874, the intestate of plaintiff executed a mortgage deed to the defendant, conveying certain lands in Duplin and Wayne counties to secure the payment of a note for $1,815.00, with a power to sell the land in default of payment. It was alleged that the note was usurious, but denied in the defendant's answer.

The defendant and the plaintiff's intestate joined in a deed to one Flowers, conveying that part of the land situated in Wayne county in consideration of $2,500. The defendant admitted that $1,470 of this sum was received by him on the mortgage debt. The defendant and said intestate subsequently entered into a written agreement that the Duplin county lands should be conveyed to intestate on payment of $3,530 ; but if said sum was not paid by a certain time, the defendant should have the power to sell for cash at public

---

* Faircloth J. having been of counsel in the Court below, did not sit on the hearing of this case.

sale. The said intestate failed to pay, and defendant sold the said lands on November 27, 1874, when one Griswold became the purchaser at $1,225. It was alleged in the answer that Griswold was a "judgment creditor," and that the defendant expected to get the title from Griswold by paying his debt, which he afterwards did; he making a deed to Griswold who reconveyed to defendant. There were other facts relating to various dealings between the parties, the statement of which is deemed unnecessary.

The plaintiff demanded an order that the defendant be perpetually enjoined and restrained from selling or conveying the lands in Duplin county, and that he be declared a trustee for the plaintiffs, who are the widow and heirs at law of Richard B. Hatch. An injunction was granted by His Honor, and the defendant upon notice given, moved to dissolve the same, which motion was not allowed, and the injunction was continued to the hearing. Defendant appealed.

*Messrs. Smith & Strong*, for the plaintiff, cited *Hunt* v. *Bass*, 2 Dev. Eq., 292; *Brothers* v. *Brothers*, 7 Ire. Eq., 150; *Patton* v. *Thompson*, 2 Jones Eq., 285; *Shearin* v. *Hunter*, 12 N. C., 493; *Elliot* v. *Pool*, 3 Jones Eq., 17; *Miller* v. *Washburn*, 3 Ire. Eq., 161; *Monroe* v. *McIntyre*, 6 Ire. Eq., 65; *Allen* v. *Pearce*, 6 Jones Eq., 309.

*Mr. D. L. Russell*, for the defendant.

PEARSON, C. J. The principles involved in this case, are discussed and in the main settled by *Whitehead* v. *Hellen* decided at this term.

1. A mortgagee with a power of sale, is a trustee, in the first place to secure the payment of the debt secured by the mortgage, and in the second place for the mortgagor, as to the excess. The idea of allowing the mortgagee to foreclose the equity of redemption, by a sale made by himself, instead of a decree for forelosure and a sale made under the order of

the Court, was yielded to, after great hesitation, on the ground that in a plain case, when the mortgage debt was agreed on and nothing was to be done except to sell the land, it would be a useless expense to force the parties to come into equity, when there were no equities to be adjusted, and the mortgagor might be reasonably assumed to have agreed to let a sale be made after he should be in default. But this power of sale has always been watched with great jealousy and when there was any unfairness, as for instance, if there was any complication in accounts, showing what was the balance due and the mortgagee failed to demand payment of an ascertained balance, or when there was a suggestion of oppression – usury and the like—the Court would enjoin the mortgagee from selling, until the balance due was found and all other equities between the parties, duly declared.    Or if a sale had been made, the Court would require the mortgagee to account for the fund, and show that all things had been done with perfect fairness and after the mortgagor had been notified of the balance due and had been allowed reasonable time to raise the money.   Coot on Mortgages, 124.

In this case the accounts were very greatly complicated by the many dealings of the parties; in fact, there is no telling from the statement of the answer, how the balance, if any, stood, and there is pregnant evidence of gross usury and oppression practiced upon a necessitous man; so the plaintiff has a plain equity to hold the defendant to account and treat him as still holding the land as trustee.

2. The defendant in legal contemplation did not *sell* under the power in his deed.   Griswold bought the land for him at a sale purporting to be made under the power (what price was paid by Griswold does not appear) and all that is known of the matter, is, that Griswold bid in the land for Spicer, and Spicer to induce him to do so agreed to pay off a debt, which he held against Hatch, and afterwards Spicer

executes a deed for the land to Griswold, who thereupon executes a deed to Spicer. Under this deed made by "a man of straw," Spicer sets up an absolute title, and claims to have acquired the equity of redemption of Hatch, and to have been fully freed from all confidence and trust reposed in him!

3. The case does not stop here. Spicer after thus fortifying himself behind the deed of his creature, Griswold, at the earnest instance of his victim, Hatch, without rendering any account or showing what he was out of pocket, which by his own showing did not exceed the sum of $2,000, agrees to sell the land to Hatch at the price of $3,500, secured by the title of the land, with a power of sale in the event that said sum was not paid at the day, and is now about to sell under the power, although the representatives of Hatch have required him to come to an account, and offer to pay any balance that may be found, if any, to be due to him, upon their many "actings and dealings."

We think no plainer case could be presented for the interference of a Court of Equity to prevent gross oppression and a violation of trust.

There is no error in the decretal order continuing the injunction until the hearing.

PER CURIAM.                    Judgment affirmed.