JAMES T. GOOCH AND EMILY L. HIS WIFE v. VAUGHAN & BARNES.

*Mortgage—Power of Sale—Injunction—Account Stated—Burden of proof.*

1. While courts permit the use of powers of sale in mortgages, they regard them with much suspicion and watchfulness, and will enjoin their execution when an attempt is made to use them for the purpose of oppressing or obtaining an unfair advantage over the mortgagor.

2. Where it appears in an application to enjoin a mortgagee from selling the mortgaged property under the power of sale, that there are many and complicated accounts between the mortgagor and mortgagee, and the balance due is uncertain, the Court will restrain the execution of the power of sale until an account can be stated and the amount due ascertained.

3. In such case, the rule which requires a mortgagee, in certain cases, to pay the amount admitted to be due before the injunction will be granted, does not apply, because no definite sum is known to be due.

4. A mortgagee with power of sale, is a trustee, 1st to control the property and apply the proceeds to the debt; 2nd, to account for any surplus to the mortgagor; and he is held to a strict account.

5. Where a statement of account is rendered to a debtor who keeps it for a long time without objection, it becomes an account stated, and cannot be opened except for substantial error, mistake, omission or fraud.

6. In opening the account for any of these causes the burden of proof is on the debtor.

(*Kornegay* v. *Spicer*, 76 N. C., 95; *Mosby* v. *Hodge, Ibid.*, 387; *Pritchard* v. *Sanderson*, 84 N. C., 299; *Bridgers* v. *Morris*, 90 N. C., 32, cited and approved). 

MOTION for an injunction in a CIVIL ACTION pending in HALIFAX Superior Court, heard before *Gudger, Judge,* at Chambers, in Raleigh on August 19, 1884.

It appears from the allegations of the verified complaint and the admissions in the answer, that between the month of April, 1882, and that of September, 1883, the plaintiff James T. Gooch and the defendants had a great number and variety of connected business transactions, involving in the aggregate nearly $70,000.

The defendants from time to time, and frequently, supplied the plaintiff James with very considerable sums of money, and at various times the latter delivered and pledged to them, as collateral security for such supplies of money, divers evidences of debt, consisting of notes, bonds and judgments, with the right to collect and apply them, which was done to a considerable extent.

In the course of such transactions the said James frequently executed to the defendants his promissory notes, and they held three of such notes on the 25th of August, 1883,—two bearing date May 1st, 1883, each for $5,618.68, to be due respectively January 4th, 1884, and November 5th, 1884, and the third for $4,917.28, dated July 17th, 1883, and to be due March 4th, 1884, and all to bear interest from date at the rate of eight *per centum* per annum. They also held his single bond for $2,928, dated the 25th day of August, 1883, to be due twelve months next there-

after, bearing interest from date at the same rate. On the 25th day of August, 1883, as security, in addition to the collateral security above mentioned, for such indebtedness, the said James executed to the defendants a mortgage of all his real estate, with power of sale in them, in case of his failure to pay any part of his said indebtedness as it came due, to sell by auction for cash, after thirty days' notice, so much of the real estate embraced by the mortgage as might be necessary to pay the whole mortgage debt, which, in such case, should be treated as due.

The plaintiffs, among other things, allege that at the time of the execution of said mortgage, said Gooch believed said three promissory notes represented his existing indebtedness, including said bond, but upon examination he finds that they do not, and that they exceeded his true indebtedness several hundred dollars—from six to eight—the errors consisting in the main, of excess of interest charged, one bale of cotton not credited, and other small items; that since the execution of said mortgage the defendants have, from time to time, made large and divers collections upon the aforesaid evidences of debt—set out in the third section of the complaint—the amount collected, of which the plaintiffs have information, being from seven thousand seven hundred to eight thousand dollars; but they believe, and so aver, that other and divers collections have been made, the particular amounts and from whom collected they have not information, and that they are informed and believe that said defendants have in hand uncollected of said evidences of debt, and which are collectable, from eight to ten thousand dollars—upon a good many of which they have instituted suit; that the plaintiff Emily L. Gooch, who is and has been since the 5th day of April, 1884, a free trader, became the purchaser of the equity of redemption in and to the lands, except the homestead interest, at Sheriff's sale—paid the purchase money therefor, and has received the sheriff's deed for the same; that as plaintiffs are informed and believe, defendants were deterred from bidding for and purchasing the property at the sheriff's sale, because it was charged by

Gooch that the sale was instigated by them for the purpose of speculating and taking advantage of their power and opportunity as mortgagees. They are also informed and believe that the defendants received the purchase money arising from the sale, to the full amount of their executions; that plaintiffs are informed and believe that the defendants, failing to carry out their plan to purchase the equity of redemption, have avowed their determination to foreclose their mortgage and thereby sacrifice the property conveyed therein, and the other securities held by them, and deprive the plaintiff Emily L. Gooch, of the benefit of her purchase, and for that purpose, have advertised to sell the lands conveyed by the mortgage, including the plaintiff J. T. Gooch's homestead, under the power therein conferred upon them. The lands situated in Halifax county, they have advertised to sell on the 2nd day of June, 1884, and the land in Northampton county at the court-house in said county on the 3rd day of June, 1884. Said lands are worth from $10,000 to $12,000 exclusive of the homestead, and consist of several lots in the town of Weldon and other tracts in Halifax county, and of one or two tracts in Northampton county; that the plaintiffs believe that upon the defendants' accounting for what they have collected upon the evidences of debt, held by them as securities, and for what they will by ordinary diligence collect thereon, James T. Gooch's indebtedness would not amount to more than $2,000 to $3,000; that the plaintiff Emily L. Gooch is advised and believes, that as owner of the equity of redemption therein, she has an equity to compel them to exhaust all their other securities before resorting to the lands conveyed to them by mortgage, and the plaintiff James T. Gooch is advised and believes that the defendants must exhaust all their securities before subjecting his homestead to the payment of their debt, and he avers that the property held by them as security for their debt, other than his homestead, is more than sufficient to pay the same.

In reply to these allegations the defendants, among other things not necessary to be here set forth, say that they admit the execu-

tion of the notes set forth in section four of the complaint, but it is not true that the notes were made as accommodation paper. On the contrary, they aver, that said notes were made to cover avdancements already made when they were severally executed; that before said notes were each executed, the defendants had furnished James T. Gooch with a statement of account, showing the true balance due by him, with the request, if found correct, that he would execute a note for such balance; that said Gooch, after careful examination of said account, as the defendants believe and allege, executed the notes; that at the time of the delivery of said notes, no complaints were made or errors pointed out except failure to credit one bale of cotton of the value of forty-one dollars and fifty-one cents, and the defendants say, that the object of said Gooch in the institution of this action is merely an effort to postpone the evil day; that they admit there is a credit for one bale of cotton, which was given and the notice of the same was made to Gooch prior to the advertisement of the lands embraced in the mortgage. That the allegation that "they—the bonds—exceed his true indebtedness several hundred dollars, from six to eight hundred dollars," is too vague and indefinite to raise any equity in behalf of the plaintiff; that they have collected from the collaterals mentioned, the sum of $6,565.69, and that they have credited this amount, less attorneys' fees, to-wit: $656.57, on the bonds. That they have in their possession all of the collaterals except those which have been collected, and they file a schedule of all collaterals collected and the amounts. They admit that the plaintiff E. L. Gooch has been a free-trader since the 5th day of April, 1884; but they aver that they believe that the equity of redemption, alleged to have been purchased by E. L. Gooch, was paid for with the money of her husband and co-plaintiff, James T. Gooch, and they submit that the sale of the equity redemption and the sheriff's deed thereunder carry no title.

The defendants further say that all of the lands conveyed to them by James T. Gooch are not worth more than eight thousand dollars in cash, as they are informed and believe.

The plaintiffs brought this action for an account and settlement, and moved before a Judge at Chambers, for an injunction to restrain the defendants from selling the mortgaged property until the action can be tried upon its merits. At the hearing of the motion the complaint and answer were used as affidavits, and numerous other affidavits and much documentary evidence were produced by both sides, that are not necessary to a proper understanding of the opinion of the court. The Judge denied the motion, and the plaintiffs appealed.

*Messrs. Mullen & Moore,* for the plaintiffs.
*Messrs. Day & Zollicoffer* and *R. O. Burton Jr.,* for the defendants.

MERRIMON, J. (after stating the facts). The defendants admit that they are mortgagees with power of sale in themselves, and that they are about to execute that power in their own behalf by selling the mortgaged property, which embraces all the real estate owned by the mortgagor at the time the mortgage was executed. Courts regard such powers with suspicion and watchfulness, and never fail to scrutinize the exercise of them, when it appears that there is ground to apprehend that injustice in any respect is done, or about to done to the mortgagor. The mortgagor is, in an important sense, completely in the power of the mortgagee and besides, the latter is a trustee, first to control the property and apply the proceeds of it when sold to the payment of the mortgage debt, and secondly, for the mortgagor, as to any surplus, and he is held to a strict account.

The power thus conferred is intended to be a summary, cheap and expeditious method of foreclosing a mortgage without action, when the debt secured is a plain one, unattended by complicated accounts and confusion incident to it. The courts have yielded to it with reluctance, because of the largely superior advantages and opportunity afforded by it in a variety of ways to the mortgage creditor as against the debtor. Indeed, it is allowed to be

exercised without the supervision and direction of the court, only in plain cases, such as give rise to no controversy as to the sum of money due upon the debt secured, or in other respects. If there is, in good faith, a controversy in respect to the debt, or as to the credits to which it is justly subject, however they may arise, or if the credits are greatly confused and require complicated accounts necessary to show what balance is due, in such and like cases, the court will restrain the exercise of the power until such matters, properly put in issue, can be determined by the court, and the mortgagee required to account in all respects as to the exercise of the power, and how he has applied any funds that may have come into his hands on account of his debt. The court will be prompt to grant relief by injunction, when it appears that there is probable ground in support of the plaintiff's alleged equity. It is but common justice that a creditor thus having his debtor within his power, shall account with him under the just and protective authority and supervision of the court. *Kornegay* v. *Spicer*, 76 N. C., 95; *Mosby* v. *Hodge*, Ibid, 387; *Pritchard* v. *Sanderson*, 84 N. C., 299; *Bridgers* v. *Morris*, 90 N. C., 32.

It is not denied that the plaintiff James T. Gooch and the defendants, in the course of about fourteen months, had a great number of current business transactions, involving much mutual dealing and large sums of money. The defendants, from time to time, supplied Gooch with "advancements," and to secure them, he at sundry times, delivered and pledged to them as collateral security, evidences of debt, consisting of notes, bonds and judgments, in amount about $20,000, which they were to collect and apply to his credit. He alleges, that at the time he executed the mortgage, he believed that the notes and bonds specified in it represented truly his indebtedness to the mortgagees, that, however, in fact they did not, but exceeded it in amount by from $600 to $800, the excess being made up mainly of interest improperly charged, and failure to give him credit for a bale of cotton and other small items of charge.

The defendants, on the other hand, allege that this is not true, that before the notes were executed they delivered to him a detailed statement of his account with them, accompanied with the request that he should examine it and point out any errors; that he did not for many months object to it, further than to insist that he was not credited with a bale of cotton, as he ought to have been; that this credit was afterwards allowed, and that after he had ample opportunity to examine the account he executed the notes, manifesting his satisfaction with the account as stated.

The account rendered, and the long delay in objecting to it on account of suggested errors therein, do not necessarily conclude Gooch. The strong presumption is that he examined and accepted it as correct, and he is bound by it, and it ought not to be disturbed, unless he shall allege and prove some substantial error, mistake, omission, or fraud, vitiating it. This he has the right to do, if he can, and in case of success, to have the just correction made. The burden is on him to prove such allegation.

It is contended that the allegation of error in respect to interest is so vague and indefinite that it ought not to be considered. It certainly would have been better to have made it more definite, and it may yet be made so when the pleadings shall be regularly filed. But for the purpose of the motion before us, we think it sufficient. It points and has reference to the account stated. That account must have been a long and complicated one, embracing many items and different classes of items. The error, if it exists, upon proper scrutiny will appear in it, and thus the allegation may be made certain. There are certain data pointing to it, if indeed it exists.

Another and more important allegation of the plaintiff James T., is, that of the notes, bonds and judgments he delivered to the defendants as collateral security as above mentioned they have collected since the execution of the mortgage, from $7,500 to $8,000, and they still have of those uncollected, but which may be collected, from $8,000 to $10,000, and some of these have been sued upon, and that upon the statement of a fair account between

himself and them, it will appear that he owes them not more than $3,000.

The defendants admit that of such securities they collected, as alleged, $6,565.69, and aver that they have credited that sum, less $656.57, paid to counsel, on the mortgage debts, but they omit to state at what time they entered such credit. They ·likewise admit that they have the collateral securities not collected. Upon some of these they have brought suit, but for causes assigned, they have not been able to collect the money due upon them. As to the balance of them, they say "that many of said collaterals are worthless, and .most of them worth far below par." They do not offer to surrender them, nor do they suggest what they intend to do with them.

Without adverting to the other matters in the record before us, not necessary to be considered here, we think it manifest that the defendants should be restrained from selling the land until the action shall be heard upon its merits. They are mortgagees with power of sale. In addition to, and apart from the mortgaged property, they have, as security for the mortgage debt, many thousands of dollars of the mortgagor's rights and credits; some of them from time to time, they have collected and applied, while they have failed to collect others, and have made no final disposition of them. They insist that there is no error in the mortgage debt, as alleged, and that they have faithfully collected such of the collateral securities as they could, and applied the money. But the mortgagor has been within their power, he has had to accept their statement and representations without free opportunity to scrutinize them. He is not satisfied with what they have done, and the accounts they give, more or less complicated, under the power · they have exercised over the mortgaged property and himself, and he assigns reasons, not frivolous, but more or less urgent, why they should account with him under the supervision and control of the court. Under such circumstances, the law allows the mortgagor the relief sought by the present motion.

GOOCH *v.* VAUGHAN & BARNES.

The defendants' counsel insisted on the argument, that the plaintiffs could not have relief by injunction until they paid the sum of money they admit to be due.

They did not admit that any definite sum was due. But the rule of law involved does not apply in cases like this, because, as was said, by Smith, C. J., in *Pritchard* v. *Sanderson, supra,* "the mortgagor ought to know definitely what sum he is required to pay, and have an opportunity to redeem without a sale." It may turn out when the definite sum of money due to the defendants, and for which the land is liable, is ascertained, that the plaintiffs can and will pay it. Cases like this go largely upon the ground that the mortgagor has not had a free and fair opportunity to be informed and help himself—that he has been within the power of the mortgagee, and is therefore entitled to have full and satisfactory information from the trustee, the mortgagee, so that he can act intelligently in respect to the mortgage debt and the property mortgaged to secure it.

We do not pass upon the merits of the controversy, further than to determine that there is probable ground for the plaintiffs' motion before us.

In view of the proofs, we cannot conclude that the plaintiffs' cause of action is frivolous and unfounded. It is serious and fit to be considered, and it may turn out that it has substantial merit.

There is error. The injunction demanded must be allowed. To that end, let this opinion be certified to the Superior Court of Halifax county.

Error.                                        Reversed.