B. N. HOWELL et als v. WILLIAM R. POOL.

*Usury—Mortgage—Purchase by Mortgagee at his own Sale.*

1. A stipulation in a mortgage, that the mortgagee should retain from the proceeds of the sale of the property, "costs and charges, including a commission of five per cent. for making such sale," in addition to the principal and interest then due on the secured debt, is not usurious, in the absence of proof of an usurious intent. It is a provision for the compensation for services performed in the execution of the trust, and not a part of the consideration for the loan.

2. Such stipulations are not approved, and will never be enforced when the mortgagee makes the sale and becomes the purchaser.

3. A sale to a mortgagee by himself, under a power of sale in the mortgage deed, is ineffectual to divest the equity of redemption from the mortgagor, and the relation of the parties is not changed by that act.

(*Kornegay* v. *Spicer*, 76 N. C., 95; *Whitehead* v. *Hellen*, *Ibid*, 99, cited and approved; *McCorkle* v. *Brem*, 76 N. C., 407; *Capehart* v. *Biggs*, 77 N. C., 261; *Purnell* v. *Vaughan*, 77 N. C., 268; *Pritchard* v. *Sanderson*, 84 N. C., 299, cited and distinguished).

This was a CIVIL ACTION, pending in WAKE Superior Court, heard before *Avery, Judge,* on motion to dissolve a restraining order, at chambers on the 26th of May, 1884.

On the 26th day of January, 1881, the plaintiff, B. N. Howell, borrowed of the defendant the sum of twenty-five hundred dollars, and gave his bond therefor, to become due at twelve months, and bearing interest from date at the rate of eight per cent. per annum, payable semi-annually. At the same time

the said B. N. Howell and his wife, the plaintiff Nancy J., executed a mortgage deed to the defendant conveying, with other lands a lot in the city of Raleigh, known as the "Howell House," and vesting in the mortgagee a power of sale in case of any default in meeting the obligation, and the liberty of bidding and buying at such sale. Stipulations were also inserted in the deed to insure the payment of taxes by the mortgagor, for an insurance against fire to the amount of the debt for the benefit of the defendant, and one in the following terms: "And out of the moneys arising from such sale to retain the principal and interest, which shall then be due on the said mortgage, together with all costs and charges, *including a commission of five per cent. for making such sale.*" Some payments were made, but the plaintiff, failing after repeated demands to discharge the residue, which as computed to February 19th, 1883, was in excess of two thousand dollars ($2,155.44 according to defendant's estimate in an account rendered to the mortgagor), he proceeded, under the provisions of the deed, to advertise a sale of the lot, to be made on the 11th day of February, 1884, when the present action was instituted and the proceedings arrested by the issue of a temporary restraining order, under the direction of Shepherd, Judge, to operate until the hearing of an application for an interlocutory injunction before Avery, Judge.

Meanwhile a large volume of evidence, consisting of affidavits of the contesting parties and exhibits, was prepared and submitted, together with an account which had been before sent to the plaintiff's son and agent, R. P. Howell, who, in all these transactions, acted for his father, withdrawing an item objected to as an usurious charge, upon the consideration of which the following judgment was rendered:

"After hearing the complaint and affidavits of the plaintiffs and the affidavits of defendant in the above entitled cause read, and after hearing counsel on both sides,

"It is now considered, adjudged and ordered by the court, that the injunction and restraining order moved for by the plaintiffs in this cause be refused.

"It is further considered, adjudged and ordered, that the temporary restraining order heretofore issued herein by the clerk of the Superior Court of Wake county, on the 11th day of February, 1884, in pursuance of an order herein granted by His Honor, J. E. Shepherd, together with last mentioned order, be vacated and annulled, and that the defendant recover his costs.

"And this cause is restrained for further directions."

From this order the plaintiff appealed.

*Mr. Armistead Jones,* for the plaintiff.

*Messrs. Haywood & Haywood* and *Gatling & Whitaker,* for the defendants.

SMITH, C. J. (after stating the facts). Many reasons are suggested in the complaint why the court should interpose in the attempted exercise of the power conferred in the mortgage, such as the mental and physical condition of the mortgagor, and the injurious consequences to him that may ensue, and the unfavorable time for making sale, which cannot enter into our consideration of the right of the creditor to enforce payment of his debt, through the means placed at his disposal by the debtor.

The objection to the insufficient manner of advertising the intended sale, and to other informalities in connection with it, are put out of the way by the interference of the restraining order that prevented a sale. There is no support to the charge of usury found in any provisions of the deed, in the absence of proof of an usurious intent. The compensation to be retained from the proceeds of sale fixed by the parties, is manifestly for his services in executing the trust, and not a part of the consideration for the loan—contingent upon the necessity of exercising the power conferred.

We are not disposed to sanction the provision thus understood, at least when, at such sale, the mortgagee undertakes to become the purchaser.

The act, if legally effectual for any purpose, would operate, not as a transfer of the estate unencumbered, but as the extin-

guishment of the equity of redemption, and there would properly be no moneys from which commissions could be taken. But the sale of the mortgagee to himself, directly or through an intervening agency, would be ineffectual, and the title would remain undisturbed. "Once a mortgage always a mortgage," is a maxim in equity, remarks Pearson, C. J., in *Whitehead* v. *Hellen*, 76 N. C., 99, while considering the subject, and he asks, "how has the defendant (mortgagor) lost his equity of redemption? what price has been paid for it?"

But as the matter has now passed under the jurisdiction of the court, and the sale, if necessary, will be conducted by a commissioner under its supervision, the inquiry as to the effect of this clause of the deed is immaterial, as the court will make such allowance as it deems reasonable and adequate for the service rendered.

The case does not present complicated accounts and unadjusted dealings so as to come within the rulings made in *Kornegay* v. *Spicer*, 76 N. C., 95; *McCorkle* v. *Brem*, 76 N. C., 407; *Capehart* v. *Biggs*, 77 N. C., 261; *Purnell* v. *Vaughan*, 77 N. C., 268; *Pritchard* v. *Sanderson*, 84 N. C., 299, and other cases of the same class.

There are here no complicated relations between the parties, no unadjusted account to be settled. There is a debt of definite amount represented by the plaintiff's bond, enlarged by fire insurance money and taxes paid by the defendant, which ought to have been paid by the plaintiff, with several payments, and no item, except a small charge which is surrendered, about which there is any controversy. The balance due is a simple matter of arithmetical computation. This has been made and embodied in an account rendered the plaintiff, from which the objectionable charge is eliminated. There can be no litigation about the provision for compensation to the mortgagee for making the sale, since it will be made, if at all, under the direction of the Court by one of its own appointees, for whose services allowance may be made by the Court, and so also there can be

no injustice or wrong done to the plaintiff in carrying out his own agreement.

The evidence, much of which is needless repetition, and consists in details that have little bearing on the controversy, furnishes no reason to induce the Court to delay longer the enforcement of the mortgagor's obligation.

Such forms of securities whereby the creditor is invested with full control of the property, instead of committing the execution of the trusts to a disinterested and impartial trustee, are not favored, and are tolerated, in the words of Pearson, C. J., in *Kornegay* v. *Spicer*, *supra*, "after much hesitation, on the ground that in a plain case where the mortgage debt was agreed on, and nothing was to be done except to sell the land, it would be a useless expense to force the parties to come into equity, when there were no equities to be adjusted, and the mortgagor might be reasonably assumed to have agreed to let a sale be made after he should be in default."

We therefore concur in the refusal of the Judge to grant an injunction to operate until the hearing, and in his vacating the restraining order previously issued.

The Court, being now in possession of the cause, will proceed to a judgment of foreclosure, if so required by the defendant. And to this end, let this be certified to the Superior Court of Wake.    The appellant will pay the cost of the appeal.

No error.                                        Affirmed.