In re SALE OF E. HOLLOWELL LAND BY SOUTHERN TRUST
COMPANY, Trustee.

(Filed 14 September, 1927.)

1. **Sales—Mortgages—Deeds of Trust—Statutes—Increased Bids—Commissions.**

   Where lands have been sold by a trustee in a deed of trust securing the payment of a note, in accordance with the power of sale in the instrument, and under the provisions of C. S., 2591, the amount it brought at the sale has been raised, it is within the authority of the clerk of the court to allow the commission provided for in the deed to the extent of the advanced price, when reasonable, against the claim of subsequent lienors or claimants.

2. **Same—Appeal and Error.**

   The allowance to the commissioner to sell lands securing a note for a loan made by the clerk of the court may be reviewed as to its reasonableness by the judge on appeal, and *held* under the circumstances of this appeal, the commission of 5 per cent was not unreasonable.

Appeal by the Bank of Edenton from a judgment of *Clayton Moore, Special Judge,* rendered at chambers 15 June, 1927. From Chowan. Affirmed.

*W. D. Pruden for the appellant.*
*Worth & Horner for the appellee.*

Adams, J. On 1 October, 1923, E. Hollowell and his wife executed and delivered to the Southern Trust Company, as trustee, a deed of trust on certain property to secure a note for $1,235.30, providing that after paying all expenses attending the execution of the trust, including a commission on the proceeds of the sale at the rate of 5 per cent,

the trustee should pay the secured debt and should deliver the remainder of the proceeds, if any, to the grantors or their assigns. After due advertisement the trustee offered the property for sale on 30 December, 1926, and D. M. Warren became the last and highest bidder therefor at the price of $3,000. On 7 January, 1927, the bid was raised and a resale was ordered by the clerk. The second sale was made on 24 January, 1927, D. M. Warren again making the highest bid, which was $3,475. The clerk confirmed the sale on 5 February, 1927. The trustee thereafter made his deed to the purchaser and filed his account showing payment of the secured note ($1,235.30) and other disbursements, the retention of a commission of 5 per cent on the proceeds of the sale, and the payment to the clerk of $1,965.90. On 28 January, 1927, E. Hollowell confessed judgment in favor of the Bank of Edenton for $345.69 and costs, waived all claims to exemptions, and requested the clerk to pay over to his creditors any part of the proceeds to which he was entitled. The judgment was docketed in the Superior Court. Certain judgments and mortgages which had priority were paid and the remainder was not sufficient to satisfy the amount due the Bank of. Edenton. The bank made a motion before the clerk to reform the trustee's account by allowing a commission only on the amount secured by the deed of trust. The motion was denied, and on appeal the judge affirmed the judgment of the clerk and taxed the Bank of Edenton with payment of the cost. Whether there was error in allowing the commission is the point raised by the appeal.

Among the cases in which the question is discussed is *Howell v. Pool,* 92 N. C., 450. Howell borrowed of the defendant $2,500, gave his bond therefor, to be due twelve months after date, bearing interest at 8 per cent, payable semi-annually, and executed a mortgage signed by his wife conveying to the defendant as security a lot in the city of Raleigh and vesting in the mortgagee a power of sale in case of default. Following stipulations for the mortgagor's payment of taxes and for insurance against loss by fire was the following clause: "And out of the moneys arising from such sale to retain the principal and interest which shall then be due on said mortgage, together with all costs and charges, including a commission of 5 per cent for making such sale." The debt was not paid at maturity and the mortgagee advertised the property. The plaintiff brought suit to enjoin the sale, setting up usury, defect in the notice of sale, together with other matters, and attacking the clause providing for the mortgagee's compensation. In reference to this clause the Court said: "As the matter has now passed under the jurisdiction of the court, and the sale, if necessary, will be conducted by a commissioner under its supervision, the inquiry as to the effect of this clause

of the deed is immaterial, as the court will make such allowance as it deems reasonable and adequate for the service rendered. . . . There can be no litigation about the provision for compensation to the mortgagee for making the sale, since it will be made, if at all, under the direction of the court by one of its own appointees, for whose services allowance may be made by the court."

In *Banking Co. v. Leach,* 169 N. C., 706, it was held that in the absence of any such element as usury, fraud, undue influence, or oppression the courts have no jurisdiction to set aside the written agreement of the parties as to the trustee's compensation when the sale is made under the power conferred in the deed of trust without any order or direction of the court.

The appellant cites *Pringle v. Loan Asso.,* 182 N. C., 316, as an expression of this Court's opinion that the statute (C. S., 2591) was intended to limit the compensation of the trustee to a commission on the amount collected and paid on the secured debt, in analogy to the sale by a sheriff under execution or by an administrator under a decree to make assets. The question, however, was not presented for decision, and the dictum or suggestion referred to seems not to be in accord on this point either with *Howell v. Pool, supra,* or with *Banking Co. v. Leach, supra.* In the decision appear these two statements: (1) "In the present case the matter being before the clerk under C. S., 2591, by virtue of the order of sale made by him, we are of opinion that these charges can be assessed by the clerk, subject to review on appeal, or by the judge in this proceeding, as in *Fry v. Graham, supra.*" (2) "The decisions upon the right of the commissioner to commissions on a sale under a decree of foreclosure is applicable in these cases," *i. e.,* to sales by a mortgagee or trustee under a power of sale on a raised bid. The "charges" referred to in the first proposition were an allowance to the trustee for time, labor, services, and expenses, not including the stipulated commission, because upon tender of the amount due on the note and the cost of advertising, the sale had been enjoined. *Smith v. Frazier,* 119 N. C., 157. In the case at bar the trustee, pursuant to an order of resale, sold the property and executed his deed to the purchaser. There was therefore no occasion for an allowance of "charges," as if settlement between the parties had been brought about pending the controversy and no sale of the property had been made. But the statute provides that after final sale of the land and the trustee's conveyance of title to the purchaser, the clerk shall make all such orders as may be just and necessary to safeguard the interest of all parties, and he shall keep a record which shall show in detail the amount of each bid, the purchase price, and the final settlement between the parties. C. S.,

2591. In *Pringle's case* the Court, in an opinion written by *Clark, C. J.*, construed this statute as importing that the condition of a mortgagor who has executed a mortgage with a power of sale is assimilated to the condition of property sold under a decree of foreclosure so far as the clerk's right to set aside the bid at the first sale and to order a resale is concerned, and as stated above that the right to commissions is to be determined in such instance by decisions regulating commissions on a sale by virtue of a decree of foreclosure. Under this interpretation the principle in *Howell v. Pool, supra,* applied, and the clerk had jurisdiction to allow such commissions as were reasonable and adequate for the service rendered. In effect he allowed the trustee a commission of 5 per cent on the proceeds, and on appeal the judge found as a fact that this amount, less certain payments made by the trustee, was a reasonable compensation. For this reason the judgment should be affirmed. As to the appellant, the result would be the same if the transaction were treated as a sale under the express agreement of the parties as to the compensation to be given the trustee.

Affirmed.