On 22 January, 1926, Clarence Jernigan and wife executed and delivered to Rupert W. Jernigan a note for $1,500, and as security therefor executed and delivered a mortgage on certain real estate in Duplin County. On the same day the note was duly assigned to the Bank of Beaufort. Thereafter, on 17 March, 1930, the Bank of Beaufort advertised the property and sold it under power contained in the mortgage. The property was resold three or four times, and was finally sold for the price of $2,525. The Bank of Beaufort filed a petition with the clerk "for a just allowance of time, labor, services and expenses to be taxed as costs in the foreclosure of the said mortgage." The clerk declined to allow any costs except for newspaper advertisement and fee for filing the account of sale. The petitioner appealed to the judge of the Superior Court, who found, as a fact, that the property had been sold five times, and that as a result thereof the mortgagee had incurred "a great deal of extra expense, time, labor and services in making the resales." Thereupon, it was adjudged that the petitioner be allowed five per cent commissions "on amount of debts in addition to court costs in the cause, to be taxed as a part of the costs of sale of said property," etc. *Page 637 
From the foregoing judgment Sallie Jernigan, administratrix of Clarence Jernigan, mortgagor, appealed.
The judgment rendered is directly authorized by In re Hollowell Land,194 N.C. 222. The fact that the sale was made by a mortgagee rather than a trustee in a deed of trust does not prevent the application of the principle of law declared in the Hollowell case, supra.
Affirmed.