TIDEWATER BROKERAGE COMPANY v. SOUTHERN TRUST COMPANY
AND CLARKE PEANUT COMPANY.

(Filed 21 September, 1932.)

**1. Mortgages H n—Where clerk orders resale he may order allowance to trustee, and where he has approved accounting such order is presumed.**

Where the trustee in a deed of trust has foreclosed the instrument under the power of sale contained therein, and an advance bid has been made and a resale ordered by the clerk in accordance with the provisions of C. S., 2591, the clerk may order an allowance to the trustee for conducting the sale, and where the trustee has filed an accounting showing the distribution of the proceeds of the sale including a commission in a certain per cent retained by the trustee, the presumption is that the clerk has approved the commission so retained, in this case the per cent specified in the deed of trust.

**2. Same—Clerk's order allowing commissions to trustee is not subject to collateral attack.**

Where the clerk of the court has expressly or presumptively approved the commissions to be allowed the trustee for making the resale of the mortgaged premises under the statutory power given him, the procedure to question the reasonableness of the amount is by exception and appeal to the judge from whose decision an appeal will lie to the Supreme Court, and the matter may not be attacked collaterally, the allowance made by the clerk being final in the absence of exception and appeal.

APPEAL by defendant, Southern Trust Company, from *Frizzelle, J.,* at April Term, 1932, of WASHINGTON. Reversed.

On 30 May, 1927, the defendant, Southern Trust Company, as trustee, duly foreclosed a deed of trust executed by its codefendant, Clarke Peanut Company, by selling the land conveyed thereby under the power of sale contained in the deed of trust, as ordered by the clerk of the Superior Court of Washington County. The said trustee collected from the purchaser at said sale the amount of his bid, to wit, $35,000, and upon the confirmation of the sale, conveyed the land described in the deed of trust to the purchaser. The sale was made by the trustee pursuant to the order of the clerk of the Superior Court, for a resale of the land upon a raised bid made pursuant to the provisions of C. S., 2591. The trustee thereafter filed with the clerk of the Superior Court a statement of his final account, showing its receipts and disbursements. This statement was duly recorded by the clerk in his office. It appears from this statement that the defendant, Southern Trust Company, as trustee, retained as its commissions for foreclosing the deed of trust, the sum of $1,750—5 per cent of the sum received by it for the land,

as it was expressly authorized to do by a provision in the deed of trust. There was no contention that the sum received by the trustee was not properly disbursed.

On 8 October, 1928, the plaintiff, Tidewater Brokerage Company, recovered a judgment against the defendant, Clarke Peanut Company, for the sum of $212.65, with interest and costs; this judgment was duly docketed in the office of the clerk of the Superior Court of Washington County. The judgment has not been paid.

This action was begun on 15 May, 1930, to recover of the defendant, Southern Trust Company, the amount now due on said judgment, upon the allegation that the amount retained by said company as commissions for foreclosing the deed of trust executed by its codefendant, Clarke Peanut Company, was excessive, and therefore unlawful, and that plaintiff, for that reason, is entitled to recover of the said company the amount due on its judgment against the defendant, Clarke Peanut Company.

The court was of opinion that the amount retained by the defendant, Southern Trust Company, as commissions for foreclosing the deed of trust, was excessive, and therefore unlawful, in the sum of $298.82.

From judgment that plaintiff recover of the defendant, Southern Trust Company, to be applied on its judgment against the defendant, Clarke Peanut Company, the sum of $298.82, the defendant, Southern Trust Company, appealed to the Supreme Court.

*Zeb Vance Norman for plaintiff.*
*Worth & Horner for defendant.*

CONNOR, J. Where land conveyed by a mortgage or deed of trust has been sold by the mortgagee or trustee, for the purpose of foreclosure, under the power of sale contained in the mortgage or deed of trust, pursuant to an order of the clerk of the Superior Court of the county in which the land is situate, under the provisions of C. S., 2591, the clerk has the power to make all such orders as may be just and necessary to safeguard the interests of all parties. By virtue of this statutory authority, the clerk has the power to make an allowance to the mortgagee or trustee for his services in making the sale, to be retained by him from the proceeds of the sale. From an order making such allowance, a party interested in the land or in the proceeds of the sale, may appeal to the judge, who upon such appeal may affirm, reverse or modify the order of the clerk; in the absence of such appeal, the order of the clerk is final and conclusive. *In re Jernigan,* 200 N. C., 636, 156 S. E., 96; *In re Hollowell,* 194 N. C., 222, 139 S. E., 169.

In the foreclosure involved in the instant case, there was no formal order of the clerk of the Superior Court, making an allowance to the trustee; but in the absence of any objection to the amount retained by the trustee as its commissions, as shown by the statement of its final account, which was recorded by the clerk, it will be presumed that the clerk approved the amount retained. There was no objection by any party interested in the land or in the proceeds of the sale, and therefore no appeal to the judge.

The final account of the trustee cannot be attacked collaterally, as the plaintiff has sought to do in the instant case. The judge was without power, upon the facts found by him, to render judgment in this action, and for that reason the judgment is

Reversed.