*Doe on Demise* of SAMUEL H. TAYLOR *vs.* JOHN D. ALLEN.

In selling lands for taxes, the Sheriff acts under a statutory power which must be strictly pursued, and he must not only do the acts which are required to bring his sale within the power, but he must do them within the time prescribed.

The Sheriff's power to sell land for taxes being given on the condition that it be exercised within a certain time, the Legislature cannot, by a private act, give him power to sell after the expiration of the time allowed by law.

If a Sheriff fails to return lands sold for taxes according to the requirements of the statute, Rev. Code, chap. 19, sec. 91, the sale is imperfect, and cannot be perfected by his afterwards doing the act.

A sheriff who sells lands for taxes, and goes out of office before he makes a deed, cannot afterwards make such a deed.

[*Avery* v. *Rose,* 4 Dev. 459; *Register* v. *Bryan,* 2 Hawks 17, cited and approved ]

Ejectment tried before *Cloud, J.,* Spring Term, 1872, of STOKES Superior Court.

This was an action to recover possession of a tract of land in Stokes County. The action was commenced under the old system.

The facts were : that the land had been granted, and that in the year 1858, one John G. Smith, then residing on the land in Stokes county, " was due for the taxes of that year, (1858) $5.40," and a tax list, properly made out and certified, came into the hands of John Martin, then Sheriff of Stokes county, and who continued to be Sheriff during the year 1859. The Sheriff failed to collect the taxes, but accounted for them himself when they were to be paid.

On the 23d February, 1861, an act was passed by the General Assembly, giving John Martin, late Sheriff of Stokes county, power to collect arrears of taxes, but limiting him to the collection of taxes due for the three years immediately pre-

ceding the 1st day of October, 1860. Under this act the ex-Sheriff made a list of the lands of delinquents, including a tract of one hundred and fifty acres, as the property of John G. Smith, and therein charged said Smith as owing $5.40 for the taxes of 1858. This list was returned to the County Court of Stokes at March Term, 1862, was recorded on the minutes of that term, read aloud, posted as required by law, and all other things, in respect to that return, were done as required by law. Afterwards, to-wit : at September term, 1862, of the County Court, the lessor of the plaintiff proved by oral testimony, that the lands of said Smith were sold at public auction by John Martin, ex-Sheriff, when the lessor became the purchaser at the sum of $6.15, taxes and costs.

The plaintiff read in evidence, a deed from John Martin, former Sheriff, purporting to convey said 150 acres ; said deed was dated August 1864. Plaintiff stopped his case. Defendant moved that plaintiff be non-suited, on the ground that no return of sales was made to the County Court, and recorded, and read, and posted, as required by law, and for want thereof that the sale of the land and the deed made in pursuance thereof passed no title. The Court overruled the motion. It was found as a fact, that John G. Smith sold and conveyed the said tract of land to the defendant, John D. Allen, on the 15th day October, 1858, and at that time Smith removed from the place to another county, and defendant took possession, and has remained in possession ever since.

Upon this state of facts defendant asked the Court to charge the jury,

1st. That the deed of John Martin passed no title, for the reason that no list of the sales was made at September Term, 1862, and returned, read, and recorded as required by law.

2d. That under the act of February, 1861, the authority to collect arrears of taxes for three years before the first of October, 1860, was an authority to collect, with power to distrain the property then owned by Smith, and did not extend to the

property in controversy, which Smith had sold to the defendant October 15th, 1858, and the sale and deed by Martin, under these circumstances, passed no title.

3d. That the deed of John Martin, former sheriff, and made in 1864, instead of being made by the existing sheriff, was void.

The Court charged.

1st. That the failure to return a list of sales to the Court as referred to in the first request by the defendant was not material, and that the deed of the ex sheriff was sufficient without such return.

2d. That under the act of 1861, John Martin, former sheriff, had authority to collect the taxes due from Smith for 1858, and a right to distrain the land in controversy, notwithstanding the sale to the defendant.

3d. That the former sheriff was the proper person to make the deed.

Defendant excepted to the charge of the Court. There was a verdict for the plaintiff. Judgment. Defendant appealed to the Supreme Court.

*Morehead* and *Graves*, for the plaintiff.
*Dillard & Gilmer, Smith & Strong*, for the defendants.

RODMAN, J. The following is a brief of so much of the Act for selling land for taxes (Rev. Code, ch. 99) as is material to the present case:

SEC. 33. At the first County Court after the first day of April in each year, the Court shall appoint a Justice in each district, to take the list of taxable property.

SEC. 55. The Justice shall advertise when and where he will attend to take the lists.

SEC. 66. Having taken them, he shall return them to the term of the County Court next thereafter.

SEC. 69. The clerks, on or before the first day of April next

after the return to him, shall return an abstract of the lists to the Comptroller.

Sec. 81. The clerk, on or before the first day of April in the year ensuing the taking of the lists, shall deliver to the sheriff a copy thereof.

Sec. 82. The sheriff shall forthwith proceed to collect the taxes.

Sec. 87. Till the first day of October in the next year, the sheriff may distrain and sell.

Sec. 91. Under the following rules:

91. He shall return to the term of the County Court held next after the first day of January, a list of the lands he proposes to sell for taxes, which shall be read aloud, recorded on the minutes and a copy put up in the court house.

2. Notice shall be issued to every person whose land is returned as aforesaid.

3. The sale shall be made within two terms next succeeding the term when the list is returned.

4. The whole of a tract shall be put up for sale, and struck off to him who will pay the taxes and expenses for the least part of the land.

5. At the second term next succeeding the term when returns are made of lands to be sold, the sheriff shall return a list of the tracts actually sold.

Sec. 93. The owner may redeem within a year after the sale.

Sec. 94. If not redeemed within the year, the purchaser may select the quantity of land bid off by him.

Sec. 95. And may within a year after the time of redemption has expired, have it surveyed and a plot made.

Sec. 96. The sheriff, on being presented with a certified plot within the year after the time of redemption is passed, shall convey to the purchaser the land therein contained.

97. When any sheriff or officer other than the one who made the sale shall be authorized to execute the conveyance, the purchaser shall apply to the County Court, which, on cer-

tain facts being proved, shall direct the present sheriff to convey.

In the present case, it is not stated with certainty whether the taxes, for which the land was sold, were assessed in 1857 or 1858. It says: "In 1858, one Smith, then residing on the land, was due for the taxes of that year $5.40."

We understand that the taxes were payable in 1858; consequently the sheriff could distrain and sell up to the first of October, 1859. (S. 87.) He did not sell, however, until September 1862.

It will be convenient to defer for a while considering the effect of the act of 23d February, 1861.

Sec. 3, of the chapter of the Rev. Code above cited says; " If any person shall sell his real property, and have no estate within reach of the sheriff to satisfy the taxes imposed thereon, at the time when they become demandable, the land shall be bound for the same, as well as the property of the then owner." Under this we think the sheriff might have sold the land up to 1st October, 1859, notwithstanding the sale to the defendant. At least we may without injustice to him assume this to be so in the present case. But we think the case of *Avery* v. *Rose* 4, Dev. 549, establishes that he could not have sold afterwards. It is held in that case that in selling for taxes the sheriff acts under a statutory power which must be strictly pursued, and that not only must he do the acts which are required to bring his sale within the power, but he must do them within the times prescribed. (*Avery* v. *Rose* p. 559.) It cannot have been intended that the lien under sec. 3, should have been enforceable at any indefinite time, and no time is fixed for its expiration other than the first of October, till which time the sheriff is allowed to sell. If we regard the sheriff's power to sell as a power given on the condition that it be exercised within a certain time, which failed to be acquired by not selling within the time; it would seem clear that the Legislature could not by the private act of February, 1861, give the sheriff a power

to sell the land of the defendant. It would be to take his property without process of law. And if we consider the requirement to sell by the first of October as only a statute of limitations, yet, although a Legislature may prolong a period of limitation, or suspend the running of the statute before the remedy is wholly barred, yet it cannot lawfully do so afterwards. *Cooley Comt. Lim.* 365, and cases cited. It may be said that no statute of limitations runs against the State, unless it be expressly so declared. But here the State ceased to be a creditor by the payment of the tax by the sheriff in October 1858; so as was said in *Avery* v. *Rose*, the additional year within which the sheriff was allowed to sell, was for his benefit, and to allow him to re-imburse himself.

Our conclusion on this point might relieve us from considering the other propositions of the defendant, but as they embrace important matters of practice, we proceed nevertheless to consider them.

The first is, that the sale is void by reason that the Sheriff failed to return a list of the tracts sold by him, as required by subsection 5 of section 91. We think it is decided in favor of defendant by *Avery* v. *Rose p.* 559, where it is held, that unless the survey is made and presented to the Sheriff within the time prescribed by sections 95 and 96, the sale is imperfect and cannot be perfected by afterwards doing the act. The reason, or at least one reason, why the time for the return is material, is that the owner may have notice of the sale and be enabled to exercise his power of redemption within a year thereafter. In *Register* v. *Bryan* 2, *Hawks* 17, it was said that the Sheriff's deed would be invalid by matter subsequent, such as a failure to register it within the time prescribed. This, however, was only a dictum and not the point decided.

The third proposition of the defendant is, that the Sheriff who made the sale in 1862, having gone out of office before 1864, had no power to make a deed in that year. In this we concur with him for reasons drawn from the provisions of sec-

tions 96 and 97. Section 96 contemplates that the deed shall be made within a year after the time for redemption has expired, and no provision is any where made that we have seen, (except indirectly by section 97,) for the case of the Sheriff who sold, dying or going out of office in the meantime, or for a deed being made at any time after the expiration of the year. For the reasons given in *Avery* v. *Rose* we think it could not be made afterwards by any one. Only a part of the land is sold, but the title does not pass by the sale merely, except for certain purposes, and it is important to the original owner, and to the public, that the share which he retains should be known in order that it may be occupied by him, and subjected to its due private and public burdens. And this cannot be done until it is severed from the part sold by the Sheriff's deed.

As we have said, we have not found any provision expressly authorizing the deed to be made by any one except the sheriff who sells, even though he should die or go out of office before the year succeeding that for redemption has passed. Sec. 30 of ch. 37, Revised Code, which authorizes sheriffs to execute deeds after they have gone out of office, expressly excepts deeds for lands sold for taxes.

Sec. 97, however, implies a case as possible, in which some other officer than the sheriff who sold may make the deed. We conceive that this must be confined to the case of the sheriff who sold dying or going out of office before the expiration of the year succeeding that allowed for redemption, in the first of which cases, at least, the deed must necessarily be executed by some one else.

Judgment reversed and *venire de novo.*

Per Curiam.                                  *Venire de novo.*