WILLIAM WHITEHEAD v. JOHN F. HELLEN.

*Mortgage -- Power of Sale -- Purchase by Mortgagee.*

A mortgagee who purchases at a sale made by himself under a power of sale in the mortgage deed, does not acquire an absolute estate. Such a sale does not alter the relation existing between the parties.

(See *Kornegay* v. *Spicer* at this term.)

CIVIL ACTION for the recovery of land, tried at Fall Term, 1876, of PITT Superior Court, before *Moore, J.*

The defendant executed a mortgage deed to J. W. May, conveying the land in controversy. May assigned the note secured by the mortgage to the plaintiff, Whitehead. The plaintiff sold the land under a power contained in the deed and without a decree of foreclosure, and one Bernard bought as the agent of plaintiff. The plaintiff executed a deed to Bernard and Bernard reconveyed to plaintiff. The defendant insisted that the sale was void and passed no title, and asked to be allowed a day in Court to redeem said land. Judgment was rendered in favor of the plaintiff and the defendant appealed.

*Mr. D. M. Carter*, for the plaintiff.
No counsel for the defendant.

PEARSON, C. J. If the action had been by the mortgagee against the mortgagor, simply to get possession of the land, the defendant could not have resisted a recovery.

But the action is by an alleged purchaser claiming an absolute estate, under a sale made by the mortgagee by virtue of a power of sale conferred in the mortgage deed. The pleadings present the important question: Can an equity of redemption be foreclosed in this shorthand way? In other

words, can the mortgagee, under a power of sale, buy the land of himself?

To make a valid sale there must be two parties, a vendor and a vendee; a man cannot sell to himself.

Suppose a mortgagee under a power of sale offers the land for sale and bids it in; he acts for the benefit of the trust fund confided to him, and the matter stands as before. The debtor's "equity of redemption" stands as before, because he has done nothing to release or to extinguish it. Indeed, Courts of Equity look with jealousy upon all dealings between trustees and their *cestuis que trust;* and if this mortgagor had by deed released his equity of redemption, we should have required the plaintiff to take the burden of proof and satisfy us that the man, whom he had in his power, manacled and fettered by a mortgage and a peremptory power of sale, had, without undue influence and for fair consideration, executed a release of his right to redeem the land.

In our case, so far from a release by the defendant of his equity of redemption, he avers that he is still entitled to it, and prays that the land may be sold by a Commissioner of the Court, unless he is able to pay off the mortgage debt at a time to be fixed by the Court.

This prayer is a reasonable one, provided the deed of the plaintiff to Bernard and the deed of Bernard to plaintiff, have not by the forms of legal conveyances, shut the door to all inquiry into the matter.

"Once a mortgage, always a mortgage," is a maxim in equity, and our question is, how has the defendant lost his equity of redemption? what price has he been paid for it?

The plaintiff's right hand says to his left hand, "I will sell you Hellen's equity of redemption for $950, to be credited on the mortgage notes." "Agreed," says the left hand, "I will hold the balance of the debt over him."

If Hellen had by deed surrendered his equity, in consideration of a release of the debt by plaintiff, the Court

would have held the plaintiff to proof of fairness. Here it is admitted that Hellen did not concur in the transaction; what has become of his equity of redemption?

Courts endeavor to take hold of the substance and not the shadow, and will not allow the administration of justice to be evaded by forms, deeds or "men of straw." By way of illustration, in our case, the plaintiff feeling oppressed by the absurdity of a man's buying at his own sale, gets one Bernard to buy the land for him. He and May, the original mortgagee, convey to Bernard and he conveys to plaintiff. Bernard is "a man of straw."

But the plaintiff says, " I am no man of straw, I paid money for this mortgage debt, and bought the land at public sale." "True," say the Court, "but did you thereby relieve yourself from the equity of redemption? ' Once a mortgage always a mortgage' is a trite maxim of Courts of Equity. By your purchase of the notes secured by the mortgage, you acquired all of the rights of May, and put yourself in his place—he could not have bought at his own sale—and it follows that you could not buy at a sale, which was made by you, and of which you had the entire control."

Mr. Carter relied on a supposed analogy between this case and that of a sale by a Sheriff under execution and a sale by a trustee under a deed in trust for creditors. The analogy does not hold. The Sheriff is an independent party selected by law to make the sale; the trustee is an independent party selected by the debtor and his creditors to make the sale; neither the Sheriff nor the trustee can buy at his own sale, and the right of creditors to buy, rests on the ground that the sale is not made by them, and they have no contro over its management. Whereas in our case, the plaintiff had, without the concurrence of the defendant, acquired an exclusive right to conduct the sale—it was in effect made by him, and May was his servant to all intents and purposes, and the plaintiff was filling the character, both of vendor

and vendee, with the advantage of selling for cash and having the two mortgage notes as a margin to bid on.

We have come to the conclusion that the alleged sale does not confer upon the plaintiff an absolute estate, discharged of the defendant's equity of redemption, with the more readiness, because the plaintiff does not thereby lose his debt and the land can be sold under a decree of foreclosure with greater fairness and more regard to the rights and equities involved. And whoever may become the purchaser, will have the assurance of getting a good title under a decree which will be binding upon all parties.

The question whether the power of sale conferred by this mortgage deed is not inoperative and void for vagueness and uncertainty, in this—the sale is to be made "in the manner prescribed by law," whereas in this State there is no law which prescribes the manner of making sales under a power of sale in a mortgage deed, and this power if valid, would authorize a sale, public or private, for cash or on credit, with or without advertisement, and without making a demand on the mortgagor to pay or be foreclosed by a sale, is one of much importance, but need not be decided in this case.

There is error. Judgment reversed, and case remanded to the end that the proper orders may be made, and the land be sold under a decree, unless the mortgage debt be paid.

PER CURIAM.                    Judgment accordingly.