## MARTHA M. SHEW v. M. C. CALL.

*Action to Cancel Deed—Mortgaye to Clerk of Superior Court—Power of Sale—Purchase by Mortgagee—Mortgage by Husband and Wife— Wife's Land as Surety— Exoneration of Wife's Land—Landlord and Tenant— Estoppel.*

1. Where land, mortgaged to a clerk of court to secure fine and costs as provided by statute, was sold by the clerk under the power in the mortgage, a deed executed by him after he has gone out of office is invalid and vests no title in the purchaser.

2. A mortgagee is a trustee and cannot purchase at his own sale; if he does so, he remains a trustee.

3. Tenancy is the result of a contract between a lessor and lessee whereby the latter admits lessor's title, and he and his privies are estopped, while continuing in possession, to deny the title or to bring action to defeat it ; but

4. A married woman is not estopped to deny the title of a grantor by the fact that she is in possession of the land with her husband, who is the grantee's tenant.

5. Where a married woman joined her husband in a mortgage on land, partly his and partly hers, to secure the husband's debt, his land should first be sold and the proceeds paid upon the debt in exoneration of the wife's land.

SHEW *v.* CALL.

6. Where the lands of a husband, together with lands belonging to his wife, are included in a mortgage to secure the husband's debt, and a sale and conveyance under the mortgage are invalid, the wife may alone maintain an action to have the deed declared void, both as to her own and her husband's land.

CIVIL ACTION, to cancel a deed, tried before *Norwood, J.,* at Spring Term, 1896, of WILKES Superior Court, on a case agreed, the facts of which are set out in the opinion of Associate Justice FURCHES. His Honor gave judgment as follows:

"It is adjudged and decreed that plaintiff is not estopped, and that the deed executed to J. S. Call by the ex-clerk, J. F. Somers, be cancelled; that the sale of the land mortgaged be set aside, and that a new sale be ordered. It is further ordered that the matters of the amount—principal and interest—owing by plaintiff, and that the amounts paid by her in money—rents and otherwise—be referred to T. B. Finley to take and state an account, showing the amount now due; that when the same shall be ascertained and the plaintiff notified of the amount she shall have thirty days in which to pay the same, and if she shall fail to pay the amount ascertained to be due then the said T. B. Finley is hereby authorized and directed, as a commissioner, to expose said lands to sale in accordance with law, and report his proceedings to this Court for further orders; and that this cause is to be continued on the docket." From this judgment defendant appealed.

*Messrs. Glenn & Manly,* for plaintiff.
*Mr. W. W. Barber,* for defendant (appellant).

FURCHES, J.: This case comes to this Court by appeal of defendant from the judgment of the court on a case agreed, from which it appears that the plaintiff is the wife of Pey-

ton Shew ; that she was the owner in her own right of all
the lands mentioned in the complaint except a tract of
about thirty-nine acres, which was the husband's. That to
secure a bill of costs and a fine of $35 she joined her hus-
band in making a mortgage to J. S. Call, clerk, to secure
the payment of said fine and cost. That soon after that
said Call went out of office, and J. F. Somers was qualified
and inducted into office as his successor. That said Som-
ers as clerk advertised said land and sold the same, when
said Call became the purchaser thereof at the price of one
dollar for each tract. That soon after said sale Somers
was removed from said office without having made a deed
for said land, but after he went out of office did make a
deed to said Call for the same. That after said sale Pey-
ton Shew, the husband of plaintiff, being in possession of
said land, rented the same from said Call, and has paid him
rent thereon, and is still in possession. That J. S. Call is
dead, and the defendant is the owner of whatever estate he
had in said land as his devisee. The complaint alleges
that the land is worth $1,000 or more, and this is not denied
in the answer. And it was so argued by plaintiff's attor-
ney in this Court, and not denied by the attorney of
defendant.

The defendant contended that the sale by Somers was
fair and regular ; that Call, though named as mortgagee
in the mortgage, and the power of sale given to him, it was
as clerk, and as he had gone out of office could not exe-
cute the power ; that Somers was the proper party to do
so, and Call had the right to become the purchaser ; and
that the deed made to him by Somers after he went out of
office conveyed the estate in the land to him.

But the principal question discussed and relied on by
defendant was that of estoppel existing between landlord

SHEW *v.* CALL.

and tenant; that the husband of the plaintiff having rented of defendant's devisor she was estopped to deny defendant's title while still remaining in possession.

A mortgagee is a trustee, and is not allowed to purchase at his own sale. *Kornegay* v. *Spicer*, 76 N. C., 95. If a mortgagee purchases at his own sale, he is still a trustee. *Whitehead* v. *Hellen*, 76 N. C., 99.

The right to give a mortgage to secure a fine and cost is a statutory right, and the statutory provision must be observed in its execution to make it effective. And statutory powers of sale given to an officer must be strictly observed to confer title. *Taylor* v. *Allen*, 67 N. C., 346. A sheriff whose term of office had expired could not execute a deed for land sold while he was in office until authorized to do so by statute. Section 1267 of *The Code*. This statute does not extend to clerks, and they cannot exercise this power after they go out of office. *Taylor* v. *Allen, supra.*

Mortgages with power of sale are not looked upon with disfavor as they once were. But Courts of Equity, or of equitable jurisdiction, will still guard the rights of the mortgagor with jealous care. And where manifest wrong and oppression are made to appear the court will give relief. *Mosby* v. *Hodge*, 76 N. C., 387.

The only remaining question to be considered is the question of estoppel. It was argued by plaintiff's counsel that this being equitable relief asked by plaintiff this rule does not apply, citing *Allen* v. *Griffin*, 98 N. C., 120; *Forsythe* v. *Bullock*, 74 N. C., 135; *Griffin* v. *Richardson*, 11 Ired., 439, and Wood on Landlord and Tenant, 486. But we do not feel called upon to decide whether this case is an exception to the general rule, so firmly established by the decisions of this State that a tenant is estopped to deny his landlord's title or not. But we put our judgment

SHEW *v.* CALL.

upon the ground that the plaintiff is not the *tenant* of the defendant. The case states that the husband rented and paid rent to defendant's devisor. But this does not make the plaintiff his tenant. Tenancy is the result of a contract between the landlord and the tenant, whereby in legal contemplation the tenant admits the title of the lessor, and will not allow him to dispute this title while he still remains in possession. And it is true that this estoppel is held to apply to privies as well as to the original lessee. But it is the *contract*, followed by possession, that creates the estoppel. Possession without the contract will not.

But the plaintiff is not affected by this rule. She made no *contract* with Call. It is not contended she did. And though she is the wife of Peyton Shew she is no privy in estate, under or through him. She claims no estate through, by, or under his contract with Call. Privy means a privity in estate—a property right acquired from the lessee by contract or inheritance. Bigelow on Estoppel, p. 142. A may be the son of B, but this creates no estoppel unless A takes some estate under B, either by purchase or inheritance.

We therefore hold that the plaintiff is not the tenant of the defendant, nor is she a privy in the estate under her husband, and is not estopped to bring and prosecute this action.

There are 37 acres of the land, bought at this sale by Call, that did not belong to the plaintiff, but was the estate of the husband. He is not made a party. And while the case shows the same infirmities exist as to the sale and purchase of this tract as the other, which belonged to the plaintiff, there would be no ground or authority for setting aside the deed for the husband's part but for the relation of the plaintiff and her husband, and part of the land being hers and a part being his. The debt which

the mortgage was given to secure was the liability of the husband. His land and that of plaintiff were both included in the mortgage to secure the husband's liability. This being so, the land of the wife (the plaintiff) in law was but security for the husband. And his lands should be first made liable and first sold in exoneration of the wife's land. *Hinton* v. *Greenleaf*, 113 N. C., 6; *Gore* v. *Townsend*, 105 N. C., 228. The lands never having been sold according to law, the sale under which defendant holds her deed being without authority of law, passed no title to defendant's devisor.

We are therefore of the opinion that the plaintiff, who has mortgaged her lands as a security for her husband's liability, has such an interest in his land as entitles her to have the defendant's deed from Somers declared void as to her husband's land as well as to her own. It was admitted that since the date of the mortgage and the lease to the husband the plaintiff has become a free trader under the statute.

The judgment of the court (inadvertently, we suppose) speaks of plaintiff's paying rent. There is nothing in the pleadings or in the *facts* in the case agreed that sustains this statement in the judgment, and the same will be stricken out. And the judgment of the Court will be so reformed as to direct an account of any rents or profits the defendant has received from said land, giving her credit for any taxes she may have paid, and if anything shall be found for the defendant the same shall first be applied to the satisfaction of the judgment for which said lands were mortgaged.

After making this application, if the residue of the judgment be not paid in a reasonable time, to be determined by the Court, the commissioner shall sell, first, the 37 acres belonging to the husband, W. P. Shew, and if it

brings enough to pay the residue of the judgment and the cost of sale the lands of plaintiff will not be sold. But in the event the tract belonging to the husband shall not bring enough to pay the balance of the judgment, &c., then the plaintiff's land, or a sufficient amount of the same, shall be sold and reported to Court.

The judgment setting aside the sale of Somers and his deed to Call, amended as above directed, is affirmed.

Affirmed.