[No. 3423.]

THE BOULDER AND BEAVER PLACER COMPANY v. MAXWELL ET AL.

1. FORFEITURE.
A forfeiture is not favored.
2. SAME.
Where the contract expressly provided that the vendee may retain possession and work the property as a placer claim until forfeiture, neither the working of the property as the contract provided nor the expenditure of the money in the way of development, amounts to an estoppel against the vendor to claim a forfeiture upon default in making payment according to the terms of the agreement.

3. SAME.

Under the circumstances of this case the misconduct and defaults of plaintiff, preclude it from calling upon a court of equity to grant relief against a forfeiture.

*Appeal from the District Court of Boulder County.*

ON December 26, 1889, the defendants gave to W. R. Frisbie an option to buy for $12,000, 1120 acres of land in Boulder and Gilpin counties, Colorado, which was supposed to contain valuable deposits of gold ore susceptible of extraction by placer mining. The payments were to be made as follows: $2,500 on or before January 1, 1890; $1,500 on or before July 1, 1890; $2,000 on or before January 1, 1891; $3,000 on or before July 1, 1891; $3,000 on or before January 1, 1892. These payments were to draw interest at the rate of ten per cent per annum from January 1, 1890.

The instrument evidencing the transaction is called a bond for a deed. Therein it was provided that Frisbie should pay all the taxes accruing during the existence of the option, and there was a recital that time was the essence of the contract. It was further provided that if Frisbie failed to make any of the payments or to pay the interest promptly when due, or to pay the taxes as they accrued, the owners became thereupon absolutely discharged in law and in equity from any liability to make the deed, and at their election they might treat Frisbie as a tenant. There was also a clause that in the event of a failure to make any of the specified payments, Frisbie forfeited the payments theretofore made, and the same were to be treated by the owners as full satisfaction and liquidation of all damages sustained, and they were given the right thereupon to re-enter and take possession of the premises. Until such forfeiture, the instrument provided that Frisbie had the right to the possession of the premises, and might operate the same as a placer mine, or otherwise, and no right was reserved by defendants of an accounting for the ores extracted.

Frisbie did not obligate himself to purchase or to make

any of the payments, nor did he execute his notes, or give any security for the payment of the above named sums. At the time designated he made the first payment; after which, and before any others became due, he assigned and conveyed to the plaintiff company all his rights in this bond. At the time of such assignment plaintiff took possession of the property, and since that time, and until the act of the defendants enforcing the forfeiture, it has worked the same as a placer mine, and expended more or less money in development. Ore of some value has been taken from the property, but in what amount the record does not disclose. No further payments have been made by the plaintiff, either of the principal sums or interest, except in the latter part of December, 1890, when it paid $875, which was the amount of the interest then due.

On the 3d of October, 1893, the defendants elected to take advantage of the forfeiture clause upon the ground that the plaintiff had wholly failed and neglected to pay the taxes, the interest, and the balance due of the purchase price, at the times fixed, and upon that date so notified the plaintiff, and at once peaceably entered and took possession of the land.

Thereupon this action was instituted by the plaintiff below (appellant here) to enjoin the defendants (appellees here) from interfering with its right to the possession of the property. Additional relief was prayed that the forfeiture clause in the bond be canceled, and the bond declared in the nature of a mortgage to secure the deferred payments.

Upon issues joined there was a trial to the court without a jury. The court found for the defendants and dismissed the action, from which judgment the plaintiff prosecutes its appeal here.

Mr. S. H. BAKER and Mr. T. B. STUART, for appellant.

Messrs. TELLER, ORAHOOD & MORGAN and Mr. R. H. WHITELEY, for appellees.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

The propositions upon which appellant relies are as follows: It concedes that unless the forfeiture clause has been waived by agreement of the parties to that effect, or lost by the conduct of the defendants amounting to an equitable estoppel, the appellees, upon the giving of due notice, may still enforce it. The claim, however, is made by appellant that when it succeeded to the rights of Frisbie, the appellees virtually agreed that they would not insist upon their right of forfeiture; and there is also the claim made that, in consideration of the expenditure by the appellant of money in the way of development and placing of permanent improvements upon the premises, there was a further understanding at that time that the deferred payments were to be made out of the net profits realized from mining the same. Hence this bond is nothing but an equitable mortgage which must be foreclosed in court, and may not now be summarily enforced by the defendants.

The district court found that neither of these contentions was borne out by the testimony, and in the record there is abundant justification for the finding. It is true that a forfeiture is not favored in law, but is strictly construed against one who asserts it. It will be observed that the appellant contends that the appellees have lost this right, not only by express agreement, but by their conduct. The conduct relied upon is that the defendants stood by and encouraged the plaintiff to expend money and perform labor upon the property, without suggesting or indicating their intention to insist upon this right given by the option, and also in the taking of money for interest after the same became due.

Accepting at or about the time of maturity either interest or principal is not, of itself, a waiver of forfeiture, and we do not find that any interest was taken after it became due, and while plaintiff was in default, even if such payment could have that effect. The contract itself expressly pro-

vides that plaintiff may retain possession and work the property as a placer mine until forfeiture, and we fail to see how working the property, as the contract provided, or how expending money in the way of development, to the defendants' knowledge, amounts to an estoppel against them to assert their rights upon the plaintiff's default in making the payments when they became due.

The agreement relied upon is evidenced by a letter written on the 23d of December, 1890, by the defendants to the plaintiff, in which they say they will extend the time of payment provided the plaintiff constructs a ditch from Boulder Creek to Beaver Creek upon the property in question, and if the interest due on January 1, 1891, amounting to $875 is paid. This interest was then about due, and the payment thereof, in itself, constitutes no consideration for the extension, and the plaintiff itself admits that the ditch was never constructed in accordance with the condition imposed. Certainly, there was no valid agreement here that worked a forfeiture of any right of the defendants under the bond.

Again, on August 9, 1893, the defendants wrote another letter to the plaintiff in which they agreed to extend the time of payment of the balance due under the option, and to indorse as paid the interest then due thereon, if the plaintiff would place on the land, on or before May 1, 1894, a hydraulic plant of sufficient capacity thoroughly to wash two hundred and fifty cubic yards of placer gravel per day of ten hours, and, on or before October 1, 1893, pay the sum of $500 and all taxes due on the property which had theretofore been paid by the defendants.

In this connection it is pertinent to say that the defendants had constantly been requesting and urging the plaintiff to make payment, in accordance with the option, both of the principal sums and of the interest due, and the attention of the plaintiff had also been called to the fact that the taxes which it had agreed to pay were due and delinquent. Of this failure to pay the taxes, of course, the plaintiff knew, as well as the fact that it had not made the payments. The

plaintiff, however, entirely failed to comply with the conditions upon the performance of which defendants agreed to make an extension, and the alleged agreement never became binding upon the defendants. Indeed, as the district court found, there was no agreement of any kind of a waiver by the defendants, and their conduct was not such as amounted to an estoppel against them to assert any right which the bond gave to them.

The large number of authorities cited by appellant are not applicable to the case as made. They are to the point that forfeitures are not favored; that when once waived they may not be resumed; and that reasonable notice must first be given to the party in default before they may be summarily enforced. The district court found there was no waiver of forfeiture, and found that the evidence " teems with notices," not in precise form, but so plain that no mistake could be made, that unless the plaintiff paid what was due, the right of forfeiture would be exercised.

The defendants entered upon and took possession of this property within a day, or a few days, after giving formal notice on October 3d that the bond was annulled. Were this the only notice or warning received or given, we might hold it insufficient, but in the letter of August 9th the plaintiff was advised that there would be no extension of the time of payment unless before the first day of the following October all the taxes and the further sum of $500 were paid to the defendants. It will be seen that fifty-two days prior to October 3d (the date of the giving of the formal notice) plaintiff had information that the original bond for a deed in all its terms would remain in force unless it complied with the conditions named. To this letter the plaintiff made no response of any kind; it did not accept the proposition, and in no particular complied, or attempted to comply, with the prescribed conditions. Reasonable notice was thus given to the plaintiff that the defendants would enforce the terms of the original agreement.

In a proper case equity will relieve against a forfeiture

incurred under a clause like the one before us, when damages can be ascertained, and if, in the circumstances, they constitute an adequate compensation to the injured party. But the case at bar is not a proper one for the application of that principle. Here the defendants manifested a desire not to insist strictly upon their summary remedy, and at least twice offered to extend the time of payments upon terms that were reasonable and just. They were acting as the executors of an estate, and, as such, were pressed for money to meet its obligations, yet they offered to plaintiff every indulgence that could be asked. Instead of accepting these offers and complying with the conditions, the plaintiff neither indicated its intention to accept nor made any pretense of performing. When this action was brought the deferred payments and interest had been due for more than two years and nine months; taxes for four years had accrued, and for three years had been paid by the defendants in order to save their property.

In addition to these defaults, of themselves sufficient to defeat this action, the plaintiff at the trial made no offer to pay the various sums due from it, nor did it pretend that it had the necessary money therefor, or the ability to get it, but, on the contrary, asked the aid of the court to regain possession of the property so that it might work the same in the hope of realizing a profit, or be in a better position to negotiate a sale to some possible, but unknown, purchaser. In the mean time it would require the defendants to keep up the taxes, and to wait the payment of the balance of the purchase price until the improbable realization of plaintiff's unfounded anticipation from one or the other of the schemes mentioned. Such inequitable conduct of the plaintiff and its defaults do not call for the exercise by a court of equity of its extraordinary power to grant relief from a forfeiture, which might, in a proper case, be given. 1 Pomeroy's Eq. Jurisp. (2d ed.) §§ 449–452.

The judgment is affirmed.

*Affirmed.*