LOVITT HINES et al. v. F. P. OUTLAW and wife.

*Action to Foreclose Mortgage—Mortgagor and Mortgagee, Dealings Between—Presumption of Fraud—Burden of Proof.*

1. When a transaction between parties occupying a fiduciary relation, such as mortgagor and mortgagee, is impeached, there is a presumption of fraud, and the burden of proving the dealings to have been fair, *bona fide*, and without undue influence arising out of such relation, rests upon the party occupying the position of advantage.

2. Where a lessor of land mortgaged it to the lessee who surrendered it upon the determination of the lease, without having cultivated and improved it, as required by the lease, and the lessor made no claim for damages at the time, but, in an action for the foreclosure of the mortgage, set up such damages as a counter-claim; *Held*, that a presumption of undue influence arose from the relation of mortgagor and mortgagee, which put upon the mortgagee the burden of proving that the land was accepted at the end of the lease as a compliance with its terms, and that no undue influence, arising out of the fiduciary relation, was used to induce such acceptance.

ACTION for the foreclosure of a mortgage tried before *Timberlake, J.*, and a jury, at Spring Term, 1897, of CRAVEN Superior Court. There was a verdict for the plaintiff and from the judgment thereon the defendants appealed, assigning as error the refusal of an instruction specially prayed for, which is set out in the opinion of the Court.

*Messrs. Clark & Guion*, for plaintiffs.
*Messrs. Simmons & Ward*, for defendants (appellants.)

FAIRCLOTH, C. J.: On April 25, 1889, the defendants leased 100 acres of land to plaintiff for five years from January 1, 1890, with stipulations that plaintiff should ditch, fence and otherwise improve said land. On May 6, 1889, the defendants borrowed money from plaintiff and secured the same by note and mortgage on certain lands in-

cluding said 100 acres, due and payable January 1, 1895, and on October 14, 1895, the plaintiff instituted this action for judgment and foreclosure of the mortgage, alleging non-payment, &c.

The defendants answer and acknowledge the execution of the lease and mortgage, and say that plaintiff would not take the mortgage unless the lease was first made, and aver that the two transactions were one agreement in substance. They also set up a counter-claim in their answer for damages by reason of the plaintiff's failure to perform the express stipulations in the lease. The plaintiff answers this counter-claim and avers that, if the stipulations were not literally performed when the defendants resumed possession of the leased land on or about January 1, 1895, they expressed themselves satisfied with the then condition of the leased land and waived all claim for damages in that respect. The defendants denied such acquiescence and waiver, and in their supplemental answer say that any seeming acquiescence and acceptance were not a voluntary act, but was due to the fact that they as mortgagors were not free agents, but were under the power of the plaintiff as mortgagee. The issues were :

1. Did the plaintiff, Lovitt Hines, perform the conditions and stipulations named in the lease? Answer, No.

2. Did the defendants accept the land as described in the lease at the end of the term, admitting the conditions to be as required by the covenants contained in the lease? Answer, Yes.

Each party offered evidence in support of their respective contentions. At the close of the evidence the defendant asked the Court to charge the jury : " That if they should find that when the land was surrendered on January 1, 1895, it was not actually in the condition required by the lease, then under the facts, as testified to by plaintiff, Outlaw, and the admitted relations of the parties, they should

find that defendant did not accept the land as a compliance with the contract, unless they shall be further satisfied by a preponderance of the evidence that the defendant in such acceptance acted freely and voluntarily, without fear of oppression from the plaintiffs, and acted substantially as he would if he had not been the mortgagor of plaintiff," which was refused. These facts show clearly a case of *"fiduciary relations"* as pointed out in the following cases, in which it is also held that the plaintiff must take the *burden of proving* that the impeached transaction was *fair; bona-fide* and without undue influence arising out of the relations of the parties. *Whitehead* v. *Hellen*, 76 N. C., 99; *Lee* v. *Pearce*, 68 N. C., 76. *Bigelow on Fraud*, page 260, says that, "out of these relations, including mortgagor and mortgagee, a presumption of fraud arises, in dealings between the parties, because of the undue advantage which the situation itself gives to one over the other." It seems due to good faith that such a presumption should arise where confidence is reposed and the property interest of one is committed to another. Hence the reason of the rule that all such dealings should be explained by a preponderance of proof by the party occupying the position of advantage.

The above is the rule followed by this Court without exception, since the above cases were decided. The prayer of the defendant above quoted sought the benefit of the above propositions and should have been given in substance, and we do not find it in any part of the charge of His Honor.

Several other questions of some interest were argued in this court but as we must reverse the judgment, to the end that a new trial may be had, those questions may cease to be important and we will not now consider them.

During the argument here plaintiff's counsel consented that the judgment might be reformed so as to leave no personal judgment against E. G. Outlaw.

Error.