<hr/>

## No. 9274.

## SHARSHEL v. SMITH, ET AL.

1. HUSBAND AND WIFE—*Wife's Independence.* The wife may acquire, hold and dispose of property, independently of the husband, and is not bound by his acts in relation thereto. She is not estopped to deny the title of one from whom the husband has accepted a lease of her land.

2. EVIDENCE—*Witness—Competency.* Defendant, a married woman, had bargained with one Kuhring to exchange certain real property in another state for certain lands in Colorado, claimed by the latter as a homestead entry. Deeds were executed accordingly and deposited in escrow in a bank, to be held until Kuhring should receive the Registers Duplicate Certificate of his entry. The agreement provided for a payment by defendant of $500.00 within thirty days.

Before the Register's Certificate was received Kuhring became a fugitive from justice, and defendants offered to show that at a date prior to the issue of the certificate she tendered the $500.00 to the bank of deposit. One Campbell, president of the bank, being party, this testimony was excluded. *Held* that Campbell having no interest in the controversy, the testimony was clearly admissible, even though he was deceased in the meantime.

3. TIME—*Not of the Essence of a Contract for the Exchange of Lands,* unless made so by the agreement.

4. FORFEITURE—*Construction of.* A forfeiture is strictly construed against those who assert it.

*Error to Yuma District Court, Hon. H. P. Burke, Judge.*

Mr. WM. W. GARWOOD, Mr. OMAR E. GARWOOD, Mr. GEORGE O. MARRS, Mr. WM. H. GABBERT, and Mr. EDWARD B. SIMMONS, for plaintiffs in error.

Mr. M. M. BUKELEY, and Mr. ISAAC PELTON, for defendants in error.

Mr. Justice Scott delivered the opinion of the court.

THIS action was instituted by defendants in error as plaintiffs, against plaintiffs in error as defendants. and for convenience the parties will be so designated. The action was apparently intended as one in unlawful detainer, but both parties pleaded title, and the manner of deraignment thereof, and judgment was rendered vesting title to the premises involved, in the plaintiffs, so that the action was in fact tried as one to quiet title.

The complaint alleged that the defendants, Sharshel, entered into possession of the premises, being a quarter section of land in Yuma county, under a written lease from the plaintiff Myrtle Kuhring, for a period of one year dated March 12th, 1914; that defendants held over, under a ver-

bal lease, for an additional year, and that though due notice was given to quit, they refused to do so and still unlawfully hold possession.

It was further alleged that the land had been the homestead of John F. Kuhring; that Kuhring submitted his final government homestead proof on October 27, 1913, and that final homestead receipt was issued to Kuhring on February 21, 1914, and that government patent issued later.

The complaint further alleged that the plaintiff, Myrtle Kuhring, wife of the homestead entryman, instituted suit in the District court of Yuma county, against Kuhring, and attached and was decreed a two-thirds interest in the premises.

Further, that J. B. Campbell filed suit in the County court of Yuma county against Kuhring and attached the land. That the plaintiffs John F. Heiserman and Son intervened in said suit, and that Campbell and Heiserman and Son obtained judgment against Kuhring; that a one-third interest in said land was sold under execution to Campbell and Heiserman & Son, to satisfy said judgment, who thus became and have ever since been the owners thereof.

The complaint further alleged that Myrtle Kuhring had sold the two-thirds interest in the premises to plaintiff John H. Smith, who is the owner of the same; that J. B. Campbell has since died, and that plaintiff Ella Campbell is the executrix and sole heir of Campbell.

The separate answer of the defendant Lizzie A. Sharshel was a general denial, and an affirmative defense alleging that on the day that Kuhring made his final proof, November 11, 1913, he entered into a written contract of sale and purchase with the defendant, for the premises, whereby Sharshel conveyed to Kuhring certain town lots in Red Cloud, Nebraska, by warranty deed, subject to an encumbrance of $1,500, and that Kuhring conveyed to defendant by warranty deed, the homestead lands in question. That the two deeds were deposited with the First National Bank of Yuma, on the same day, together with the written agreement, which included among other things the following:

"It is agreed by both parties that as yet the said party of the first part has not received the Register's Duplicate Certificate for said land for the reason that the land as above described is in the territory withdrawn from settlement on account of the re-survey, and that this deed with a copy of this contract shall be held in escrow by above said bank until said receipt is received by the said first party and placed on record.

It is agreed by all parties herewith concerned that from the date of November 20th, 1913, that each party is to take possession of the property as agreed to exchange, and to use and enjoy the same from said date until this contract is completed. And in case the above party of the first part shall fail for any reason to comply with his part of this contract that the possession of said premises shall revert to the present owners.

It is agreed that this contract shall be completed as soon as the above mentioned Register's duplicate certificate is received."

The escrow agreement further provided for a cash payment by Mrs. Sharshel of $500, but later, amended to provide that this payment should be made within thirty days from the date of the agreement. It was further provided that Mrs. Sharshel should execute and deliver to Kuhring a mortgage for $1,500 on the homestead lands.

The answer then alleges that the defendant, at once and under, and by virtue of said agreement, entered into possession of the premises herein involved and has since remained in exclusive, open and notorious possession thereof.

Further, that Kuhring immediately left the county and has ever since been absent. That on the 30th day of December, 1913, Myrtle Kuhring commenced her action against John Kuhring for divorce, and under service by publication, and that a decree was rendered divorcing the parties and decreeing a two-thirds interest in the premises to Myrtle Kuhring.

The answer admits the sale under execution to Campbell and Heiserman & Son, as pleaded in the complaint.

It is alleged that all parties had full notice of the contract between the defendant Lizzie A. Sharshel and Kuhring under such contract. Further, that defendant had demanded such contract from the bank for the purpose of recording the same and had been refused. That Campbell was president of the bank and knew of such agreement, but did not make the defendant a party to the suit against Kuhring, and that she had no knowledge that her title was involved in either suit.

It was further alleged that the defendant has at all times and does now stand able, ready and willing to perform her obligations under the contract, and that Kuhring being a fugitive from justice, defendant is unable to recover the property conveyed to him, or to recover damages.

That the only remedy of the defendants is a specific performance of the contract, which she prays, and that title be quieted in her.

Defendant, J. W. Sharshel, filed a similar answer. At the close of defendant's testimony the court directed judgment for plaintiffs.

The contract and deeds were proven as pleaded. There was a lease executed by Myrtle Kuhring to J. W. Sharshel as pleaded, except that it was not to the defendant Lizzie A. Sharshel. This was dated March 12th, 1914, and while the Sharshels were occupying and living upon the premises and under the contract, as claimed by them.

The court found that in legal effect the defendants were occupying the premises under the lease from Myrtle Kuhring to J. W. Sharshel, saying:

"The husband is supposed to arrange for the domicile of the family, and he was arranging it in this instance and he was living with his wife, and he as the head of that family entered into a contract or lease for the premises."

Judgment was rendered, declaring the plaintiffs to be the owners of the land and so entitled to possession.

There is much discussion in the briefs concerning the sufficiency of the notice to quit, alleged to have been served

prior to the commencement of the action. But under our view of the case this is not important. The action was tried and judgment rendered as in an action to quiet title and will be so considered.

So far as we observe, the court ignored all other questions in the case save and except that of the lease. The rights of the defendant under her contract of purchase and the validity of the title under which plaintiffs claim, seem not to have been considered.

There can be no question under the testimony but that all plaintiffs claiming title, or through which title is claimed, by them, had actual notice of the agreement between Kuhring and Mrs. Sharshel, or at least sufficient notice to put them on inquiry.

Mrs. Sharshel was not a party to the lease, and under the circumstances of this case cannot be held to be bound by her husband's action in signing that instrument.

Therefore the doctrine that a tenant is estopped to deny the title of his lessor can have no application. She claims under her individual contract with the original owner of the land, for the purchase of the same, and if she has not forfeited that contract, then whatever rights or interests the plaintiff or either of them may have in the premises, are subject to her rights under the contract, having taken with actual notice. In this state the wife may acquire, hold and dispose of her separate property, independent of the will of her husband, and is not bound by his independent acts and conduct in relation thereto.

The rule in this respect is well stated in *Shew v. Call,* 119 N. C. 450, 26 S. E. 33, 56 Am. St. 678, where it is said:

"The case states that the husband rented and paid rent to defendant's devisor. But this does not make the plaintiff his tenant. Tenancy is the result of a contract between the landlord and the tenant, whereby in legal contemplation the tenant admits the title of the lessor, and will not allow him to dispute this title while he still remains in possession. And it is true that this estoppel is held to apply to

privies as well as to the original lessee. But it is the contract, followed by possession, that creates the estoppel. Possession without the contract will not.

But the plaintiff is not affected by this rule. She made no contract with Call. It is not contended she did. And though she is the wife of Peyton Shew, she is no privy in estate, under or through him. She claims no estate through, by, or under his contract with Call. Privy means a privity in estate—a property right acquired from the lesses by contract or inheritance. Bigelow on Estoppel, p. 142. A may be the son of B, but this creates no estoppel unless A takes some estate under B, either by purchase or inheritance.

We therefore hold that the plaintiff is not the tenant of the defendant, nor is she a privy in the estate under her husband, and is not estopped to bring and prosecute this action."

Mrs. Sharshel claims under an undisputed contract of purchase, and her rights must be determined under that contract alone. If that contract has not been forfeited she has under the circumstances of the case, the clear right to rely on it and to demand its specific enforcement.

In her affidavit to secure publication of summons in the divorce suit, Myrtle Kuhring alleged that her husband was a fugitive from justice, and that she knew nothing of his whereabouts since December 28, 1913, and that he was negotiating with a gentleman from Red Cloud, Nebraska, for the sale of his homestead. This affidavit was made February 3rd, 1914.

While the date of the judgment for divorce and alimony does not appear, yet from the date of this affidavit of publication it is made clear that such judgment could not have been rendered until after the date of the lease to J. W. Sharshel, March 12, 1914, and therefore at the time of its execution Myrtle Kuhring could have had no right or title to the premises.

We now come to the question as to whether or not under

the testimony appearing in the case, the defendant Lizzie A. Sharshel had forfeited her contract or purchase, at the time of the institution of this suit.

The contract provided that the deeds were to be held in escrow until Kuhring should receive and record his final receipt. This receipt was not issued until February 1, 1914. On that date Kuhring was a fugitive from justice and has been such ever since. Apparently it was assumed when the contract was executed, that the receipt would be received within the thirty days in which the $500 was to be paid. But during that period, under all the testimony, Kuhring was a fugitive from justice. The defendant offered to prove by two witnesses, J. W. Sharshel and one Higgins, that Sharshel as her agent, went to the First National Bank of Yuma on the 27th day of December, 1913, for the purpose of, and ready and willing to, make the $500 payment on the contract and offered to do so, and that such offer was rejected by the court, apparently for the reason that the officer so refusing was Mr. Campbell, the president of the bank, and at the time of the trial, deceased. This was clearly error and was not a case within the statute. The testimony went to the matter of the effort to comply with a contract, in which Mr. Campbell had no sort of personal interest whatever.

This testimony was not only competent, but if true, would have established that the defendant has made every reasonable effort to perform her part of the agreement. This offer to pay to the bank which held the escrow agreement, was made before the issuance of the receiver's receipt, and therefore before the agreement could be fully completed. The bank refused to receive payment, and Kuhring was a fugitive.

The defendant therefore was refused acceptance of the payment by the escrow holder, and Kuhring had absconded. The failure to perform in that respect was not the fault of defendant but was the fault of the other party to the contract. She cannot be held liable. *Smith v. Roe,* 7 Colo. 95, 1 Pac. 909.

By the terms of the contract, the obligations of both parties were concurrent. Time was not made the essence of the agreement and therefore it cannot be so construed. *Byers v. Denver Circle R. Co.,* 13 Colo. 552, 22 Pac. 951. Kuhring is not a party to this action. He and no other person had demanded the payment of the $500, and he has not asked to be released because of any failure upon the part of Mrs. Sharshel to comply with any condition of the agreement.

A forfeiture is strictly construed against the one who asserts it. *Placer Co. v. Maxwell,* 24 Colo. 87.

Under the state of facts, Mrs. Sharshel is clearly in position to demand in a proper proceeding for that purpose, the specific performance of the contract. It will be observed that the contract does not provide for forfeiture and none will be inferred.

The sum of $500 and the agreed encumbrance of $1,500 upon the property is the only interest that Kuhring can have in the premises under the contract, until that contract shall have been lawfully declared to be forfeited.

There are two questions argued which we do not find it necessary or proper to determine at this time. It is first urged that a personal judgment for alimony cannot be recovered in a divorce proceeding upon constructive service, and further, that the judgment claims of Campbell and Heiserman & Son, are invalid as being based upon debts contracted prior to the issuance of the homestead patent in violation of the Federal statute.

However, these matters may be finally determined, under our view of the case the rights of the parties are subject to the determination of the rights of Mrs. Sharshel under her contract.

The judgment is reversed and the cause remanded with permission to the parties to amend their pleadings as they may be advised.

*En banc.*

Allen, J., dissenting.

Burke, J., not participating.