LUMBER CO. v. LUMBER CO.

(Filed June 2, 1904).

TRESPASS—*Issues—Damages—Contracts.*

> In an action for trespass on lands counsel agreed that if the jury should answer the first issue as to title "yes" then it was admitted that defendant had trespassed and that the amount of damages should be ascertained under The Code. The first issue was whether plaintiff was the owner of the lands described in the complaint or any part thereof. The second was, "If so, what part?" It was not error to submit a third issue as to whether defendant had trespassed on lands described in the complaint, and which were inside a certain grant to plaintiff, where it appeared to the court that the evidence raised a question as to whether defendant might not have trespassed on lands described in the complaint, but which it might be found were not within the grant and did not belong to plaintiff.

ACTION by the J. L. Roper Lumber Company against the Elizabeth City Lumber Company, heard by *Judge M. H. Justice* and a jury, at March Term, 1903, of the Superior Court of CAMDEN County. From a judgment for the defendant the plaintiff appealed.

*Rodman & Rodman* and *W. M. Bond,* for the plaintiff.
*E. F. Aydlett* and *W. W. Clark,* for the defendant.

DOUGLAS, J. The exceptions on this appeal all refer to an agreement by counsel, which is in the following words:

"In this cause it is agreed that if the jury should answer the first issue as to title 'Yes,' then it is admitted that defendant has trespassed and the amount of damages is reserved to be ascertained by a reference under The Code."

The issues were submitted and answered as follows:

1. "Is the plaintiff the owner of the lands described in the complaint, or any part thereof?" Ans. "Yes."

2. "If so, what part?"     Ans. "All the lands conveyed to Weeks and Valentine by accurate measurement, except the M. D. Gregory and Joseph Burgess grants."

3. "Has the defendant cut timber or committed other acts of trespass on the lands described in the complaint, and inside the Weeks and Valentine grants?"   Ans. "No."

Upon the coming in of the verdict the plaintiff moved to set aside the finding upon the third issue, and moved that the cause be referred under the aforesaid agreement, to ascertain the damage, and moved the Court to sign the judgment tendered.

It further appears from the record that after all the evi-dence was in and after all the speeches had been made except the last speech on each side, the Court decided to submit the third issue, and to submit to the jury under the first issue only the question of title as conveyed by the deeds, and under the third issue the location of the grant under which the plaintiff claimed.   That the speeches prior to this argued the location under the first issue.   To the submission of the issue and the question of location of the Weeks and Valentine grants under that issue plaintiff excepted.   The plaintiff insisted that the submission of the third issue under the agreement of counsel heretofore set out and referred to in section three hereof, was an error, and that the Court should instruct the jury under that admission to answer the third issue "Yes."

Upon the return of the verdict, the plaintiff moved to strike out ·the third issue and the finding thereon by the jury, upon the ground that the same had been submitted contrary to the agreement of the counsel on record in the cause.

We see no error in the action of his Honor.   We think he had the power to submit such issues as were necessary to properly present the facts of the case.   *Tucker v. Satter-*

*thwaite,* 120 N. C., 118. The finding of the jury upon the issues submitted was in effect that the plaintiff owned a *part* of the lands mentioned in the complaint, but that the defendant had not trespassed on those particular lands. This finding necessarily set aside the agreement as inapplicable. If the defendant had not trespassed upon the plaintiff's lands, it made no difference in this suit if it had trespassed upon lands belonging to some one else. Nor was the plaintiff hurt in any way by the division of the first issue even under the agreement. The agreement was to be operative only in the event that the jury answered "Yes" to the first issue as then constituted. If that issue had been left so as to include the lands, that is *all* the lands, mentioned in the complaint, it could not have been answered "Yes" in view of their actual finding. Their answer would necessarily have been "No," as they found that only a part of the lands were owned by the plaintiff. If upon a division of the issues the jury had found that the plaintiff owned *all* the lands in question, then it might have become the duty of the Court below to enter judgment for the trespass *non obstante veredicto* upon the admissions in the agreement, but unfortunately the facts as found do not fit the plaintiff's theory. The judgment will be modified and affirmed as directed in the defendant's appeal. In this appeal we see no error.

Modified and affirmed.