COMMISSIONERS OF BEAUFORT COUNTY v. L. D. BONNER.

(Filed 21 September, 1910.)

1. **Eminent Domain—Condemnation—Power Express or Implied—Interpretation of Statutes.**

  The right of condemnation, being in derogation of a common-law right, must be conferred by the Legislature either in express terms or by necessary implication.

2. **Same.**

  When a legislative enactment does not, by express terms, confer on a public corporation exercising its powers strictly for the public benefit, the right of condemnation, this power does not arise by implication unless the necessity for it· is so strong that without it the grant of the powers conferred will be defeated. *Dewey v. R. R.*, 142 N. C., 392, cited and distinguished.

3. **Same—County Commissioners—Public Landings.**

  Chapter 23, Revisal, section 1318, subsection 19, does not confer in express terms the power on the commissioners to condemn land for a public landing on a navigable stream; there is· no provision for awarding compensation; and no necessity apparent which would imply this power; and construing this section in connection with the other provisions of the chapter, especially section 8, the intent of the Legislature is manifested that such power was not to be conferred; but the commissioners are confined to lands already dedicated to a public use sufficient to embrace or include the purpose proposed by them, or they must acquire a site by agreement or purchase.

APPEAL from BEAUFORT from *Ferguson, J.,* at chambers, May, 1910.

The record disclosed that at January Session, 1910, of the Board of Commissioners of Beaufort County, on a petition to condemn about an acre of defendant's land for a public landing, at a point in said county where the "Public road runs along the banks of Durham Creek," the following order was made and entered:

"At the January Session, 1910, of the Board of Commissioners of Beaufort County, the following order was passed, to-wit:

### RECORD OF COMMISSIONERS.

"In the matter of the petition of Gilbert Bonner and others."

"The board of commissioners having heard all the evidence in these matters and argument of counsel, and having duly deliberated upon these matters and questions at issue, it is now unanimously ordered by the board as follows:

"First. The petition to remove the draw and establish a new road is continued.

"Second. The petition to establish a public landing is granted, and the board offers to pay for the same the sum of seventy-five dollars. If this offer is refused, the board having decided same is necessary, the county attorney is instructed to take all necessary steps looking to this end and as early as practicable."

Thereupon, the present proceedings were instituted before the clerk for the purpose of condemning the land and assessment of the damages therefor, and filed complaint in terms as follows:

"The plaintiff for cause of complaint, alleges and says:

"First. That it is a corporation duly created, organized and existing under and by virtue of the laws of the State of North Carolina, and as such has the power to discharge the duties set out in chapter 23 of the Revisal of 1905 of North Carolina.

"Second. That among other powers conferred upon the board, is the right to establish such public landings as the board of commissioners may think proper.

"Third. That it is necessary for a public landing to be established on Durham's Creek, at some place on the land of defendant L. D. Bonner. That the land which the defendant desires to condemn as a public landing is described as follows: 'About one acre, fronting on Durham's Creek and the public road.'

"Fourth. That L. D. Bonner, the defendant above named, is the only one who owns or has any interest in said land; that the land described as aforesaid is required for a public landing, and L. D. Bonner is a resident of Beaufort County."

A demurrer of defendant having been overruled and exception duly noted, defendants answered, denying the power of commissioners to condemn defendant's land for the purpose indicated; denying that necessity existed for such condemnation

COMMISSIONERS *v.* BONNER.

and demanding a jury trial of the issue as to the necessity, etc. The motion was overruled and on the hearing before the clerk, plaintiff offered in evidence the record of the order of the county commissioners above quoted and introduced a witness who testified "That one acre of defendant's land is available for a public landing site at the point described in the complaint," and rested.

Defendant offered to prove that it was not necessary to establish the landing, and the evidence was excluded on the ground that the necessity for the land was conclusively established by the action and order of the county commissioners, and defendant·excepted. The clerk gave judgment of condemnation, and appointed commissioners to go upon the land, lay out and make the site, and assess the damages. On appeal this order of the clerk was reversed by the judge, and plaintiff excepted and appealed.

*W. C. Rodman* for plaintiff.
*Ward & Grimes* for defendant.

HOKE, J., after stating the case. Whatever right may arise to the public in this case by reason of the fact that a public road lay along the banks of the creek (presumably a navigable stream), they did not include or embrace the easement sought to be established in this proceeding; the appropriation of an acre of defendant's land "for the purposes of a public landing." This right as proposed and described entirely exceeded the easement of a public highway and could only be acquired *in invitum,* except by condemnation and under the power of eminent domain. *Barrington v. Ferry Co.,* 69 N. C., p. 169; *Pipkins v. Wynne,* 13 N. C., p. 402; *Chambers v. Ferry,* 6 Pa., 167; 3 Kents Commentaries, p. 420.

The claim of the petitioners admits and proceeds upon the theory that the exercise of such power is required to uphold it as made. And we concur with the appellee and the ruling of the clerk thereon, that if this right of condemnation has been granted to the board of commissioners the occasion and necessity for its exercise rests very largely in their discretion. *Broadnax*

*v. Groom,* 64 N. C., p. 244, cited and approved in several recent cases, notably in *Burgin v. Smith,* 151 N. C., 567; *Board of Education v. Board of Commissioners,* 150 N. C., 116; *Ward v. Commissions,* 146 N. C., p. 534.   Nor is the issue as to the quantum of damages one entitling the private owner to a common law jury trial as a matter of right.   *State v. Jones,* 139 N. C., p. 613; *R. R. v. Parker,* 105 N. C., p. 246; *R. R. v. Davis,* 19 N. C., p. 451; *Baumann v. Ross,* 167 U. S., 548, 2 Lewis Eminent Domain, sec. 311.

After giving the matter, however, the full and careful consideration which its importance demands, the Court is of the opinion that the statutes controlling the question have not conferred upon the commissioners the right to acquire defendant's property for the purpose indicated by condemnation, and that the judgment of the Superior Court to that effect and dismissing the petition on that ground must be affirmed.

There is general consensus of authority to the effect that the right of condemnation may not be exercised unless conferred by the law-making power in express terms or by necessary implication.   In 1st Lewis' Eminent Domain, sec. 240, the author says: "The exercise of the power being against common right, it cannot be implied or inferred from vague or doubtful language, but must be given in express terms or by necessary implication.   If the act is silent on the subject, and the powers given by it can be exercised without resort to condemnation, it is presumed that the Legislature intended that the necessary property should be acquired by contract.   Thus the authority to construct and maintain booms, or bridges, does not carry with it the right to condemn property.   If the act makes no provision for compensation, it is presumed that the Legislature did not intend that the power of eminent domain should be exercised."

And well considered decisions support the doctrine as stated. *U. S. v. Raners,* 70 Fed., 748; *Schmidt v. Dinsmore,* 42 Mo., 225; *Chaffee's appeal,* 56 Mich., 244; *Allen v. Jones,* 47 Indiana, 438; *People ex rel. Hayden v. City of Rochester,* 50 N. Y., 438; *Tacoma v. State,* 4 Wash., 64.

And while the courts may have differed at times in defining the necessity required for the grant of this power by implica-

tion and are disposed to be less exacting in cases where the right
is claimed in behalf of public corporations exercising their
powers strictly for the public benefit (Lewis, sec. 240), there is
eminent authority for the proposition that the right of condem-
nation will not arise by implication unless the necessity for it is
so strong that without it the grant itself will be defeated. Thus
in *Pa. R. R.'s* Appeal, 93 Pa., p. 159, *Gordon, J.,* delivering the
opinion, said: "It is true that a franchise is property, and as
such may be taken by a corporation having the right of emi-
nent domain, but in favor of such right there can be no implica-
tion unless it arises from a necessity so absolute that, without it,
the grant itself will be defeated. It must also be a necessity
that arises from the very nature of things, over which the cor-
poration has no control; it must not be a necessity created by
the company itself for its own convenience or for the sake of
economy. To permit a necessity, such as this, to be used as an
excuse for interference with, or extinction of, previously granted
franchises would be to subject these important legislative grants
to destruction on a mere pretense, in fact, at the will of the
holder of the latest franchise." A position referred to and on a
given state of facts approved by this Court in *Street Ry. v. Ry.,*
142 N. C., p. 435. True there is a well recognized general prin-
ciple, stated and approved in *Dewey v. R. R.,* 142 N. C., p. 392,
and in other cases, "That when a power is conferred by statute
everything necessary to make it effective or requisite to attain
the end is inferred." But in applying the principle to the ques-
tion of condemnation, this being in derogation of common right,
the necessity must be determined in view of the principles here-
tofore stated, and in *Dewey's case* the Court was careful to note
that the power of condemnation in that case had been given in
express terms.

Again the courts have held.that in certain instances the fact
that an act of the Legislature conferring a given power had
failed to provide any method of procedure for awarding com-
pensation to the individual owners, would, of itself, afford
sufficient evidence that the right of appropriation by condemna-
tion was not intended. *Chamberlain v. Steam Cordage Co.,* 41
N. J., Eq., p. 43. And a decision of our own Court is to the

effect that a statute which purports "to authorize the seizure of private property, in the exercise of the right of eminent domain, but making no provision for compensation to the owner, would be void." *State v. Lyle,* 100 N. C., p. 497, a case that has been referred to with approval in several recent decisions of the Court. *State v. Wells,* 142 N. C., p. 594; *State v. Jones,* 139 N. C., p. 619.

In the present case the power in question is claimed under and by virtue of chap. 23, Revisal 1905, sec. 1318, subsec. 19, in terms as follows: "The board of commissioners shall have power—subsec. 19—to establish such public landings and places of inspection as the board of commissioners may think proper, and to appoint such inspectors in every town or city as may be authorized by law." The statute purports to contain an enumeration of the general powers conferred on boards of commissioners throughout the State, and this subsection quoted being sec. 1318, subsec. 19, expresses all the provision of our statute law relating to the subject to which we were referred by counsel or which we have been enabled to discover. It will be noted that the law does not confer in express terms the power of condemning the lands of the citizen for the purpose indicated, and we are of opinion there is no such necessity shown as would justify the exercise of the power by implication. Furthermore there is no provision made for awarding compensation to the owner. And applying the principles approved and sustained by the authorities referred to we are impelled to the conclusion that in establishing these public landings provided for in sec. 1318, subsec. 19, the commissioners are confined to lands already dedicated to a public use sufficient to embrace or include the purpose proposed or that they must acquire a site by agreement or purchase. We are confirmed in the view we have taken of this subsection by a perusal of the other portions of the statute. Thus in subsection 8 the commissioners are authorized to lay out, alter or discontinue public roads, to establish and settle ferries, to build and keep up bridges, etc., and this subsection further provides that in exercising the powers thus conferred the commissioners shall act under the "Rules, regulations, restrictions and penalties prescribed and imposed in the statute on

roads, ferries and bridges." In this chapter referred to express provision is made for condemning land and awarding compensation therefor "in the case of roads and ferries," showing that the Legislature in framing this very statute had in mind the necessity of expressly granting the right of condemnation where they considered it desirable to confer it. We are not inadvertent to the great importance of having these public landings established at places convenient to the citizens of different communities, and if it is demonstrated that the well ordering of the affairs of the county require it, the Legislature will no doubt be quick to confer the power of condemnation for the purpose. But the granting or withholding such power is for the Legislature and not for the courts. And until the Legislature has seen fit to grant the power for a public use and in express terms or by necessary implication, we are not permitted to sanction or uphold its exercise. There is no error, and the judgment of the court below dismissing the action is

Affirmed.

BROWN, J., not sitting.