## B. H. LLOYD v. TOWN OF VENABLE.

(Filed 7 April, 1915.)

1. **Municipal Corporations—Condemnation—Statutory Authority—Unauthorized Acts.**

    A municipal corporation may not exercise the power of eminent domain in acquiring lands of private owners for street purposes unless the same is expressly conferred by statute or by clear or necessary implication from its terms.

2. **Same—Damages—Compensation.**

    Where a municipal corporation has taken the lands of a private owner for street purposes under an unauthorized attempt to acquire it by condemnation, the latter may waive the tort and resort to his common-law action for compensation.

3. **Same—Tort—Waiver.**

    Where a municipal corporation has assumed to take lands of a private owner for street purposes without his consent or legislative authority for condemnation, the latter may waive the tortious entry and want of power to condemn, and recover upon an implied assumpsit, on the part of the town, to pay a just and reasonable compensation.

4. Municipal Corporations — Unauthorized Acts — Condemnation—Statutory Authority—Consent of Owner.

The express or implied consent of the owner of lands that they may be taken by a municipality for street purposes will have the force and effect of a transfer to the municipality of the property thus taken; and where he sues to recover compensation therefor he will not be heard to assert otherwise.

5. Municipal Corporations—Condemnation—Unauthorized Acts—Evidence— Value of Lands—Appeal and Error—Harmless Error.

In this action to recover damages of a municipality for the unlawful appropriation of the plaintiff's lands for street purposes, testimony of a price offered by a witness for plaintiff's land, if not competent as substantive evidence, was only admitted for the purpose of contradicting him or impeaching his estimate of its value, and is not held as reversible error on defendant's appeal.

6. Trials—Issues, Sufficient—Appeal and Error.

Issues raised by the pleadings and evidence which are sufficient to present all controverted matters will not be held erroneous on appeal.

7. Municipal Corporations—Condemnation—Unauthorized Acts—Compensation—Agreement—Estoppel—Appeal and Error.

The defendant, a municipal corporation, which had attempted to appropriate a part of the plaintiff's land for street purposes by condemnation without legislative authority, cannot rely, on appeal, upon an agreement alleged to have been made with the plaintiff, as an estoppel, when it appears that the question as to the existence of an agreement was properly decided by the jury in the plaintiff's favor.

8. Municipal Corporations — Condemnation—Appropriation Unauthorized— Compensation—Measure of Damages.

The measure of damages to the plaintiff for the unlawful appropriation of a part of the lands for street purposes by a municipal corporation is the value of the lands taken, subject to the diminution in value to the remainder, or the difference in value before and after the street was opened.

APPEAL by defendant from *Rountree, J.,* at September Term, 1914, of ORANGE.

*A. M. Koonce and Bryant & Brogden for plaintiff.*
*John W. Graham and Alexander H. Graham for defendant. .*

WALKER, J. This action was brought by plaintiff to recover damages of the defendant for having taken and appropriated a part of his land in the town for the purpose of opening a street. The town of Venable (now Carrboro) was incorporated by Private Laws of 1911, ch. 315. There is no provision in its charter for condemning land for streets, though there is a provision that the taxes shall be used in defraying the expenses of the town, "and in repairing streets and sidewalks and keeping them in good order." Nor is there any provision in the general law

for the condemnation of land for streets by cities and towns, the provision in regard to streets being substantially the same in the general law as in the charter of defendant. The first position of defendant is that the common-law remedy of trespass for the taking of property for public purposes is superseded by the statutory remedy, and for this contention he cites numerous cases. *McIntire v. R. R.,* 67 N. C., 278; *Land v. R. R.,* 107 N. C., 72; *Dargan v. R. R.,* 131 N. C., 625; *Abernethy v. R. R.,* 150 N. C., 107. But in all those cases provision had been made for condemnation, including compensation. It was, therefore, very correctly held that the remedy of the statute was exclusive; but when no such remedy is given, the landowner, where property has been taken for the laying out of streets, may resort to his common-law action for compensation; otherwise, he would be without remedy. "The right of eminent domain," as said in 15 Cyc., 567, is one which lies dormant in the State until legislative action is had pointing out the occasion, mode, conditions, and agencies for its exercise, and the right to exercise the power must be conferred by statute, either in express words or by necessary implication. The power should not be gathered from doubtful inferences, but should be unmistakably expressed," or, as above stated, clearly and necessarily implied. There is no inherent power residing in a municipality to condemn property for its uses. 4 McQuillin on Mun. Corporations, sec. 1459. We have held, approving the principle as stated in 1 Lewis on Eminent Domain, sec. 240, that "The exercise of the power being against common right, it cannot be implied or inferred from vague or doubtful language, but must be given in express terms or by necessary implication. If the act is silent on the subject, and the powers given by it can be exercised without resort to condemnation, it is presumed that the Legislature intended that the necessary property should be acquired by contract. Thus the authority to construct and maintain booms or bridges does not carry with it the right to condemn property. If the act makes no provision for compensation, it is presumed that the Legislature did not intend that the power of eminent domain should be exercised." *Comrs. v. Bonner,* 153 N. C., 66. The subject is fully discussed by *Justice Hoke* in that case, and many cases are cited in support of the doctrine. The following authorities may be added: "It requires legislative action, embodied in the form of a statute, to confer a right to appropriate private property, for the Constitution does not either create or execute the right of eminent domain. It is only called into exercise by the ruling power, and with us that is the Legislature, acting under the Constitution and in accordance with its terms." Elliott on Roads and Streets (Ed. of 1890), 148. "While it is true, the Legislature, in the charter of the city of Waycross, granted power to the municipality to lay out and open streets, it did not grant power to take or damage pri-

vate property for the purpose, or to provide by ordinance for assessing or otherwise ascertaining the amount of compensation." *B. and W. R. Co. v. Waycross,* 21 S. E., 145. "The right which a municipality has to take or damage private property for public use is no greater, because it has an element of sovereignty in it, than is that of any other corporation having the eminent domain power. No milder or more liberal rule of interpretation of the Constitution will be indulged in when the taking or damaging is done by a municipality than is to be applied to all alike." *Jackson v. Williams,* 92 Miss., 301. "No principle of law is better settled than that a municipal corporation can only exercise the right of eminent domain when conferred upon it by the Legislature, expressly or by necessary implication, since a municipal corporation has no more right than any other corporation to condemn property." McQuillin on Mun. Corp., sec. 1459. There is no express or implied authority in defendant's charter to condemn land for streets, and the entry upon the plaintiff's property was therefore unlawful; but as the town authorities could contract for the purchase of the land necessary for its purposes, and as it authorized the entry, the plaintiff can waive the tortious entry and the want of power to condemn, and recover a just and reasonable compensation for the property taken; and this remedy is based upon the reason that there is an implied assumpsit by the town that, as it has taken the property of the plaintiff and applied it to its own use and has received and enjoyed the benefit of its use and appropriation, it should pay therefor its reasonable value, and the law, recognizing its duty, implies a promise on its part to do what, in equity and good conscience, should be done. Referring to a similar case, the Court said in *United States v. Lynah,* 188 U. S., 445 (47 L. Ed., 539, 546): "The Government may take real estate for a postoffice, a courthouse, a fortification, or a highway; or in time of war it may take merchant vessels and make them part of its naval force. But can this be done without an obligation to pay for the value of that which is so taken and appropriated? Whenever in the exercise of its governmental rights it takes property, the ownership of which it concedes to be in an individual, it impliedly promises to pay therefor. Such is the import of the cases cited, as well as of many others. The action which was taken, resulting in the overflow and injury to these plaintiffs, is not to be regarded as the personal act of the officers, but as the act of the Government. That which the officers did is admitted by the answer to have been done by authority of the Government, and although there may have been no specific act of Congress directing the appropriation of this property of the plaintiffs, yet if that which the officers of the Government did, acting under its direction, resulted in an appropriation, it is to be treated as the act of the Government. *South Carolina v. Georgia,* 93 U. S., 4, 13; 23 L. Ed., 782, 784;

*Wisconsin v. Duluth,* 96 U. S., 379; 24 L. Ed., 668; *United States v. Great Falls Mfg. Co.,* 112 U. S., 645; 22 L. Ed., 846; 5 Sup. Ct. Rep., 306." See, also, *Boise Valley Constr. Co. v. Kroeger,* 28 L. R. Anno. (N. S.), 968, where an elaborate and valuable note on this question will be found. *Smith v. Chicago,* 107 Ill. App., pp. 270, 280.

The taking in this case was by the town, although the actual work of laying out and opening the street may have been performed by its agents or servants, who acted in pursuance of its direction.

As we construe the verdict, in the light of the evidence and the charge of the court, the plaintiff consented to the taking of his land, but reserved the right to just and adequate compensation for the loss and injury to him. Whether he did so or not, his present action implies such a consent on his part, and he will not be heard to assert the contrary, nor do we understand that he does so, but he is now willing to the appropriation if proper compensation is allowed. The right to a just compensation for property taken by the sovereign or by any corporation possessing a part of the sovereign power, springs from our sense of natural justice and "is a principle so salutary to the citizen, and concerns so nearly the character of the State," that this Court, in *R. R. v. Davis,* 19 N. C., at p. 460, declared it to be an essential restriction upon the exercise of the power of eminent domain, even though no express provision may be found in our Constitution authorizing it or requiring it to be made, when property is so taken for a public purpose; and we have adhered to this rule ever since. *S. v. Hainey,* at this term. By analogy, the owner who consents to a taking of his property, when no legal right or power to do so exists, should receive the same measure of justice as in the other case, where the power does exist. The owner's consent, express or implied, will have the force and effect of a transfer to the defendant of the property taken, to the extent as held in *White v. R. R.,* 113 N. C., 621, upon substantially similar facts. This ruling should not be open to objection by the defendant, as it is permitted thereby to acquire the right of using the street in the exercise of its corporate functions and for the benefit of the public it represents, which it could not have done without the plaintiff's consent, and it cannot well be argued that it should not make fair recompense in money for the benefit it has thus received. The defendant very properly did not contest the plaintiff's right to compensation in its brief, or in the argument before us, but mainly relied upon the position that the town had the right of condemnation, and that his remedy, therefore, was special and must be sought in proceedings instituted for that purpose, and not by a separate civil action. This position we have held to be untenable, and for the reasons given. 4 McQuillin on Mun. Corp., sec. 153.

We have not been able to discover any error in the charge as to the damages. The court instructed the jury to consider the benefits derived by the plaintiff from the opening of the street, and in this respect gave the defendant the full advantage of any deduction on that account, as if it had the right to condemn and had proceeded regularly in doing so. The question asked the witness C. G. Cates, as to his offer to buy the lot, was competent, if at all, only to contradict him or to impeach his estimate of the value, and for this purpose it was admitted. 2 Lewis Em. Dom. (3 Ed.), sec. 666; Abbott's Proof of Facts (3 Ed.), p. 875; *Hine v. M. R. Co.,* 132 N. Y., 447; *Sherlock v. R. R.,* 130 Ill., 403; *Atkinson v. R. R.,* 93 Wis., 362. It was proper to state the contentions of the parties, and we do not see that either party was given any advantage over the other, but the charge, on the contrary, appears, in all particulars, to have been full, clear, and impartial. *Clark v. R. R.,* 109 N. C., 430; *S. v. Cox,* 153 N. C., 638; *Jeffress v. R. R.,* 158 N. C., 215; *S. v. Blackwell,* 162 N. C., 672; *S. v. Fogleman,* 164 N. C., 458. The issues were sufficient to present all controverted matters to the jury, which is all that is required. *Tucker v. Satterthwaite,* 120 N. C., 119; *Lumber Co. v. Lumber Co.,* 135 N. C., 744; *Alford v. Moore,* 161 N. C., 382. The jury found against the defendant as to its agreement with the plaintiff, and therefore the question of estoppel, which has been discussed in the briefs, does not arise. The other exceptions do not require any separate comment. It seems to us that the court laid down the correct rule in regard to the measure of plaintiff's compensation. He is entitled to the value of what was taken, and to any diminution in value of the remainder, or, what is the same thing, to the difference in value before and after the street was opened. 15 Cyc., 687; *Liverman v. R. R.,* 114 N. C., 695, 696; *Brown v. Power Co.,* 140 N. C., 333.

We have not discussed the question whether defendant was entitled to a deduction for benefits received by plaintiff from the opening of the street, as this part of the charge was favorable to defendant, and the plaintiff did not appeal. The court subtracted from the total damages, as assessed by the jury, the amount of benefits derived by the plaintiff, towit, $164, permitting judgment only for $400, the reduced amount. The verdict seems to be fair, at least to the defendant.